Rockingham
No. 78-069

# HENRY J. ROBBINS

v.

# LAKE OSSIPEE VILLAGE, INC.

July 18, 1978

*Shaines, Madrigan & McEachern P.A.*, of Portsmouth (*Branch S. Sanders* orally), for the plaintiff.

*Sands & Patten*, of Ossipee (*William S. Green* orally), for the defendant.

BOIS, J.    This is a petition for declaratory and injunctive relief. The plaintiff claims that the defendant may not restrict his use of certain beach property owned by the defendant and that he may not be assessed for his use of the property or beach facilities located on it. The property had been owned by the plaintiff and two other persons. When they conveyed it to the defendant, on May 21, 1971, they reserved a 120,000-square-foot parcel of land, which was to be subdivided into no more than three residential lots. They also reserved a right of way to the beach located on part of the conveyed property. The deed to the defendant stated that:

> said right-of-way [to the beach property] shall be subject
> to whatever assessment and restrictions on use that the

Grantee may hereinafter place on said property. It is understood that said restrictions on use to be placed on said property by Lake Ossipee Village, Inc. will be declared and recorded in the Carroll County Registry of Deeds on or before June 1, 1972.

The defendant planned to subdivide the conveyed property and create a planned community on the site. The beach was to be a common area for all of the purchasers of the defendant's lots as well as for the plaintiff and his cograntors. The defendant intended to construct a beach club on the property.

Originally a default judgment was entered against the defendant. That judgment decreed that the defendant may not impose any assessments or restrictions on the use of the beach. The judgment was to apply to the "plaintiff or plaintiff's successors in title as to the three lots of real estate retained by the plaintiff at the time of his sale of real estate to Lake Ossipee Village."

The defendant moved to vacate the default and set aside the decree. This motion was granted, and a hearing was held on the merits of the plaintiff's claim. The Master (*Mayland H. Morse, Jr.*, Esq.) found that the defendant had failed to record restrictions on the plaintiff's use before the June 1, 1972, deadline. The master therefore recommended that the original decree be reinstated. This recommendation was approved by the Court (*Cann*, J.), who then reserved and transferred the defendant's exceptions.

The defendant's first argument is that the lower court erred in decreeing that the plaintiff's use of the *beach* may not be restricted when the deed reserves only a *right of way* to the beach. We hold that the decree was not erroneous. The interpretation of deeds is ultimately for this court; however, our determination of the terms of a deed is based on the parties' intentions as properly found by the trial court. *Woolsey v. Carmichael*, 117 N.H. 1050, 381 A.2d 328 (1977); *Kalman v. Hutcheson*, 111 N.H. 36, 276 A.2d 260 (1971). In construing the language of a deed, "the finder of facts must place himself as nearly as possible in the position of the parties at the time of the conveyance and gather their intention in light of the surrounding circumstances." *Frew v. Dasch*, 115 N.H. 274, 278, 339 A.2d 18, 20 (1975). Here the master found that the parties intended that the plaintiff retain not only access to the beach but also use and enjoyment of the beach. This finding is amply supported by the testimony at the trial. It is also supported by a common-sense reading of the deed itself. If plaintiff retained no right to use

the beach, then his retention of a right of access to the beach would be meaningless. *Cf. Williams v. Babcock*, 116 N.H. 819, 824, 368 A.2d 1166, 1170 (1976). We therefore hold that the right of way referred to in the deed includes a right of use, and that the requirement that restrictions on the right of way be recorded includes a requirement that restrictions on the right of beach-use be recorded.

Defendant next challenges the finding that it did not file any restrictions on the plaintiff's right of way and use of the beach. At trial the defendant introduced a deed it gave to one of the purchasers of lots in the defendant's subdivision. This deed, which was recorded on September 7, 1971, provides that the purchaser has a right of membership in the defendant's beach club if the purchaser complies with "Beach Club Regulations." In this 1971 deed the defendant also reserved "the right to designate any lot or lots or portion thereof for community facilities or common areas," "the right to change or modify any restrictions without the consent of any lot owner by duly recorded amendments hereto," and "the right to execute and deliver deeds with restrictions different from these herein contained." The defendant relies on the pre-June 1, 1972, recording of this deed in arguing that the defendant complied with the requirement that it timely file restrictions on the plaintiff's access to and use of the beach.

■ The master properly rejected this argument. The parties contemplated that the defendant would record either a document expressly restricting the plaintiff's use of the beach or a document setting forth a common scheme of development of the defendant's subdivision, containing beach-use regulations generally applicable and binding on all property in the subdivision. The defendant filed neither type of document. The 1971 deed from the defendant did not purport to announce a common scheme of development for the subdivision. In fact, that deed expressly provided that the defendant may impose different beach-use restrictions in deeds it conveyed to other lot purchasers. Also, the only beach-use "regulation" in the 1971 deed was a provision that the defendant would "hereinafter" place restrictions on use of the beach club, and even those restrictions could be modified by the defendant at any time. As the master correctly determined, this "regulation" was insufficient. The plaintiff and the defendant intended that on June 1, 1972, there would be on record a document specifically indicating the nature of the restrictions on the plaintiff's use of the beach.

■ The defendant's contention that the timely-filing requirement was a covenant and not a condition is also unavailing. According to the defendant, its failure to file restrictions gives rise only to

an action for damages. However, the master's finding that the requirement that the defendant timely file restrictions on the plaintiff's use of the beach was "of the essence" of the contract supports the conclusion that the provision was a condition. Because there was sufficient evidence to support this finding, it must stand. *See Woolsey v. Carmichael*, 117 N.H. at 1052, 381 A.2d at 329. The defendant lost its right to restrict the plaintiff's use of the beach by neglecting to file restrictions.

■ There is more merit in the defendant's argument that the master erred in ruling that when the defendant lost its right to restrict the plaintiff's use of the beach it also lost its right to impose assessments on the plaintiff. The deed from the plaintiff to the defendant subjected the reserved right to use the beach to both assessments and restrictions on use, yet required that only restrictions be recorded. It thus appears that the defendant is entitled to impose assessments even if it may not impose restrictions on the plaintiff's use. We note, however, that the testimony at trial indicates that the "assessments" the parties contemplated are assessments on the plaintiff's use of beach club facilities constructed and maintained, and services provided, by the defendant. The plaintiff was not to be assessed for his use of the beach itself. We therefore modify the trial court's decree to prohibit the defendant from placing reasonable assessments on the mere use of the beach itself by the plaintiff or his successors in title, but permit the defendant to place assessments on the use by the plaintiff of beach facilities erected and/or services furnished by the defendant.

■ The defendant has also asked this court to modify the trial court's decree by limiting its applicability to the land owned by the plaintiff or his successors in title. As the decree now reads, it forbids the defendant from imposing restrictions and certain assessments "as to the three lots of real estate retained by the plaintiff at the time of his sale of real estate" to the defendant. We agree that this language should be modified. After the plaintiff and his cograntors sold the real estate to the defendant, but before trial in this case, the plaintiff and his cograntors divided the land they reserved into three parcels. The plaintiff obtained only one parcel and this is the only parcel with which he apparently is concerned. He brought this action for a declaration of *his* rights, not the rights of his cograntors or their successors in title. His petition requests that "the defendant be permanently restrained and enjoined from attempting to impose any such restrictions upon the *petitioner.*" (Emphasis added.) There

is no reason that the present decree should apply to land owned by persons other than the plaintiff or his successors in title. (Of course, our opinion in this case would probably be conclusive on the rights of the plaintiff's cograntors or their successors in title.) We therefore order the decree modified to apply only to the land owned by the plaintiff and his successors in title.

The trial court's decree is hereby modifed in accordance with this opinion.

*Exceptions sustained in part;*
*overruled in part.*

BROCK, J., did not sit; the others concurred.