Belknap
No. 81-318

ELIZABETH C. DAVIS *& a.*

v.

ROBERT R. LEMIRE *& a.*

August 17, 1982

*Orr & Reno P.A.*, of Concord (*William L. Chapman* on the brief and orally), for the plaintiffs.

*Nighswander, Martin, KillKelley & Kidder P.A.*, of Laconia (*Willard G. Martin, Jr.*, on the brief and orally), for the defendants.

BATCHELDER, J.  The plaintiffs, Elizabeth C. Davis and Charles H. Davis, brought a petition to quiet title in a cul-de-sac, known as Aurora Circle, bordering their property in Gilford, New Hampshire. After a Master's (*Robert A. Carignan*, Esq.) recommendation, approved by the Trial Court (*Dunfey*, C.J.), that no relief be granted to the plaintiffs, the plaintiffs appealed. We affirm.

The defendants, Robert R. Lemire and Nancy A. Lemire, subdivided some land they owned in Gilford, New Hampshire, into six lots and a cul-de-sac, known as Aurora Circle. At that time, they intended to dedicate Aurora Circle to the town. Subsequently, the defendants sold two of the lots to Edward Needham and Hazel Needham. One of those two lots borders a town road, and both of

them border Aurora Circle. In the deed to the Needhams, the defendants granted them a right-of-way over Aurora Circle. In another provision in the deed, the defendants reserved the right to abandon construction of the cul-de-sac.

In 1975, the Needhams conveyed their lots to the plaintiffs. The plaintiffs' deed contains the same right-of-way grant, and the same reservation to abandon construction, as did the Needhams' deed. In 1977, the plaintiffs asked the defendants' permission to regrade Aurora Circle, but the defendants refused permission.

In 1978, the defendants specifically abandoned construction of the cul-de-sac and conveyed one lot and a fee simple interest in the land underlying Aurora Circle to the defendant Robert Lemire. The plaintiffs, believing they owned to the center line of Aurora Circle, brought this action to quiet title.

There is a presumption in this State that a conveyance of land bordered by a street conveys title to the center of that street. *Duchesnaye v. Silva*, 118 N.H. 728, 732, 394 A.2d 59, 61 (1978). The presumption, however, may be rebutted by showing a clear declaration of contrary intent in the deed. *Id.*, 394 A.2d at 61. The sole issue in this case therefore is whether the language in the deed from the Needhams to the plaintiffs constituted a clear intent not to convey a fee simple interest in the land to the center line of Aurora Circle.

We agree with the trial court that the defendants' grant of an easement, coupled with their reservation of the right to abandon construction of the cul-de-sac, was sufficient to rebut the presumption that the defendants conveyed title to the center line of Aurora Circle. *See Robbins v. Lake Ossipee Village, Inc.*, 118 N.H. 534, 536, 389 A.2d 940, 941 (1978). We cannot agree with the plaintiffs that the requirement of a clear expression of intent requires any more than that which the defendants expressed in this case.

*Affirmed.*

All concurred.