Belknap
No. 90-618

PAUL BATAKIS, TRUSTEE OF
240 NEWBURY STREET REALTY TRUST

v.

TOWN OF BELMONT

May 28, 1992

*Westcott, Millham & Dyer*, of Laconia (*Patrick H. Wood* and *Nancy L. Ball* on the brief, and *Mr. Wood* orally), for the plaintiff.

*Barto & Puffer P.A.*, of Concord (*Mark H. Puffer* on the brief and orally), for the defendant.

BROCK, C.J.   The defendant, Town of Belmont, appeals from a decision of the Superior Court (*McHugh*, J.), ruling that the defend-

ant acted unreasonably by failing to grant the plaintiff, Paul Batakis, final approval for his plan to develop land he owns in Belmont. The trial court ordered the town to grant the plaintiff final approval upon satisfaction of requirements imposed by the town during preliminary hearings. We affirm the trial court's determination that the town acted unreasonably and remand for further proceedings.

The facts in this case are not in dispute. The plaintiff contracted to purchase a 21-acre parcel of land in Belmont intending to develop the property as a mobile home park. The purchase agreement did not include a contingency provision for municipal approval of the plaintiff's development plans. Before the purchase date, however, the plaintiff met with two successive town planners on a number of occasions in order to discuss the various municipal requirements applicable to his project. Both town planners were receptive to his plan and optimistic that it would be approved. The plaintiff also met with the board during a "study session" in September 1988. Based on the favorable representations made at that meeting to discuss the plan in general and the positive indications given earlier by each of the two town planners, the plaintiff purchased the property for $290,000 and incurred other preliminary costs relating to the project.

In December 1988, the planning board held a public hearing. The town planner submitted a favorable report and the board voted five to one to grant conditional preliminary site plan approval. The approval was made subject to twenty-eight conditions: fourteen standard conditions and fourteen conditions unique to the plaintiff's plan. The board also agreed by a five to one vote to review the project as a "site plan" and not a "subdivision." The plaintiff then retained an engineer to draft a detailed set of plans and went forward with efforts to satisfy the various conditions.

Subsequently, the one dissenting member of the board contacted the town's attorney requesting that he review the plaintiff's proposal and render an opinion concerning the applicable review standard. The attorney recommended that the project should be reviewed as a subdivision. In mid-February, the plaintiff received a letter sent on behalf of the board of selectmen informing him that the selectmen would advise the planning board to reconsider its decision to review the plaintiff's proposal as a site plan. Based on the previous assurances of the planning board, and with the knowledge that the selectmen did not have authority to dictate the decision of the planning board, the plaintiff proceeded with his efforts to meet the requirements set forth during the December meeting. In April 1988, however, the board, applying the subdivision standards, denied the

plaintiff final approval. The record does not indicate whether the plaintiff had satisfied, or was given the opportunity to demonstrate that he had satisfied, the various conditions enumerated at the December meeting.

On appeal, the town argues that the trial court erred in finding that representations made during the December meeting were binding. In so doing, it argues that the court failed to comprehend the distinctions between formal hearings under RSA 676:4, I (1986 & Supp. 1991), and preliminary consultations under RSA 676:4, II (Supp. 1991). Specifically, the town argues that the representations made by members of the planning board prior to and during the December meeting were made in the course of non-binding preliminary consultations pursuant to RSA 676:4, II (Supp. 1991). The town also claims that the plaintiff had not met the threshold requirements needed under the town's regulations to invoke the jurisdiction of the planning board. BELMONT SUBDIVISION REGULATIONS § IV, 4.9. Therefore, according to the town, the board was never in a position to make binding representations. Moreover, the town argues that the court applied municipal estoppel in contravention of the statutory and regulatory requirements and without evidence to support the elements of estoppel.

■ "As we have stated on numerous occasions, this court will not disturb the trial court's findings or rulings unless they are not supported by the evidence or are erroneous as a matter of law." *N.H. Munic. Trust Workers' Compensation Fund v. Flynn, Comm'r.*, 133 N.H. 17, 21, 573 A.2d 439, 441 (1990).

■■ We agree with the town, as did the trial court, that RSA 676:4, II(c) (Supp. 1991) explicitly recognizes the need for allowing the planning board to separate non-binding consultations from the formal review of "completed applications." However, the town's argument that representations made by the town during preliminary discussions can never be binding ignores the broad scope of the court's review of board decisions:

> "The court may reverse or affirm, wholly or partly, or may modify the decision brought up for review when there is an error of law *or* when the court is persuaded by the balance of probabilities, on the evidence before it, that said decision is *unreasonable.*"

RSA 677:15, V (emphasis added). Thus, the court was not constrained to review the board's decision based exclusively on the lan-

guage of RSA 676:4, I & II (1986 & Supp. 1991), or the local regulations. Nor does the court's conclusion that the board's decision was unreasonable require the aggrieved party to satisfy the elements of estoppel. Rather the court could decide that the board's decision was unreasonable by considering the evidence as a whole, including evidence arising before the board formally invoked its jurisdiction pursuant to local regulations or conducted a formal hearing under RSA 676:4, I (1986 & Supp. 1991).

■ The court's order shows that when it reviewed the board's decision, it was fully aware that, as a general matter of law, the planning board is not bound to give final approval to a project based solely upon preliminary discussions held pursuant to RSA 676:4, II (Supp. 1991). The court properly concluded, however, that the board must act reasonably in both preliminary and formal stages of review.

> "[P]lanning boards must be ever mindful of the fact that developers who appear before them will be incurring potentially substantial out-of-pocket expenses in order to complete a project to the satisfaction of a planning board after such a project has received preliminary approval. Therefore, planning boards should not be giving projects preliminary approval arbitrarily on the grounds that they are statutorily free to reject a project for final approval at some later date."

The town's concern that this ruling will require it to grant automatic approval when it has engaged in preliminary consultations is unfounded. The only requirement is that the board act reasonably in applying the statutory and municipal regulations. *See* RSA 676:4, IV ("The procedural requirements . . . are intended to provide fair and reasonable treatment for all parties and persons.").

■ We find that sufficient evidence exists to support the court's decision that the board acted unreasonably in denying the plaintiff final approval. The evidence shows that the town planners made repeated assurances to the plaintiff that his project would comply with the applicable regulations. Certainly, such evidence alone would not oblige the board to grant final approval. But, the evidence shows that the board did more. Perhaps the board's most unreasonable act was to inform the plaintiff that his project would be reviewed under site plan standards and then to abruptly change its decision and apply subdivision standards in its decision denying final approval. No evidence shows that an unknown or intervening circumstance arose to

justify the board's recantation. Indeed, the plaintiff presented to the board a detailed plan of the project: a plan which the plaintiff consistently adhered to during all phases of the process. Given this evidence, we will not disturb the trial court's decision on appeal. *N.H. Munic. Trust Workers' Comp. Fund v. Flynn, Comm'r.*, 133 N.H. at 21, 573 A.2d at 441. However, because the record is silent as to whether the plaintiff has satisfied the conditions set forth at the December 1988 hearing, we remand for such further orders and proceedings as may be deemed appropriate in order for that determination to be made. All parties may appeal upon final decision.

*Affirmed and remanded.*

All concurred.