Carroll
No. 91-514

## PAUL DUMONT

v.

## TOWN OF WOLFEBORO

March 30, 1993

*McLane, Graf, Raulerson & Middleton, P.A.*, of Manchester (*Arthur G. Greene* and *Ellen L. Arnold* on the brief, and *Mr. Greene* orally), for the plaintiff.

*Barto and Puffer, P.A.*, of Concord (*Mark H. Puffer* on the brief and orally), for the defendant.

JOHNSON, J. The defendant, the Town of Wolfeboro (the town), appeals from an order of the Superior Court (*Temple*, J.) involving the plaintiff Paul Dumont's plans to develop a restaurant, apartments, and a parking lot on his property in Wolfeboro. The plaintiff planned to use an easement passing over town property as an egress from his proposed parking lot. The trial court found that the town failed to honor the plaintiff's right of way, and that the town planning board (the board) improperly denied the plaintiff's site review application, which complied with all necessary regulations. The trial court awarded compensation for the town's temporary taking of the right of way, but denied the plaintiff's request for costs and attorney's fees. The plaintiff cross appeals the denial of costs and fees. We vacate the award of compensation because no taking occurred, but affirm in all other respects.

In November 1985, the plaintiff purchased a fire-damaged apartment building on Center Street (New Hampshire Routes 28 and 109) in Wolfeboro with the intent of converting the first floor into a restaurant and the second floor into two apartments. In January 1986, the plaintiff appeared before the town planning board for a pre-ap-

plication discussion of his plan. The board indicated that restaurants and apartments were permissible uses in the plaintiff's zoning district, but that the town zoning ordinance required more on-site parking spaces than the plan allotted.

Following the pre-application discussion, the plaintiff purchased a vacant lot behind his proposed restaurant. The back lot was landlocked except for a twelve-foot-wide unimproved easement across town property to Routes 28 and 109 deeded in 1962 by the town to the plaintiff's predecessor in title. A granite curb separated the State highway from the strip of land deeded as the easement. The town had used the property subject to the easement as a municipal parking lot with two driveways to Routes 28 and 109 since approximately 1940. The deed placed the right of way along the northern edge of the property where it did not cross the municipal parking lot.

The plaintiff applied to the New Hampshire Department of Transportation (DOT) for a driveway permit for a curb cut to Routes 28 and 109 from his easement. The DOT denied the plaintiff's request under an interpretation of a State law enacted after the plaintiff's predecessor acquired the easement, see RSA 236:13, IV(b) (1982), because the town property subject to the easement had two curb cuts and less than five hundred feet of frontage on Routes 28 and 109. The plaintiff later purchased a narrow corridor of land between the Wolfeboro railroad and his proposed restaurant. This did not eliminate the plaintiff's parking problem because the DOT issued only a one-way driveway permit for ingress from Center Street, across the corridor, to the proposed restaurant parking area.

The town selectmen voted on October 5, 1988, to move one of the town's existing curb cuts to provide joint access to the municipal lot and to the plaintiff's easement. The planning board refused to recognize the vote to commit the town to relocate the curb cut, and the selectmen reconsidered the matter. The town later proposed moving one of its curb cuts in an application for a driveway permit to allow access to the highway from the municipal lot at the location of the deeded right of way, but the DOT denied the application.

In public meetings of the planning board held in 1988, in January 1989, and on March 7, 1989, the plaintiff proposed either deviating from the location of his deeded right of way to share one of the existing curb cuts, or moving one of the town's curb cuts to accommodate his easement.

The town selectmen submitted a warrant article to the voters at the March 14, 1989, town meeting proposing an exchange of the plaintiff's easement for a right of access to the highway through the town parking lot. The voters defeated the warrant article.

On May 2, 1989, the planning board denied the site plan application. One board member testified that the board rejected the plan because the parking proposal had reached a dead end. The board cited the lack of egress from the proposed parking area as the reason for its decision and noted that it made "no finding or decision as to the merits of other aspects of the plan."

The plaintiff filed petitions in equity for mandamus, declaratory judgment, damages, and for judicial review of the board's decision under RSA 677:15 (1986) (amended 1991). Following a merits hearing on the consolidated actions, the trial court determined that the town had a duty to allow the plaintiff an egress from his easement either by relocating the curb cuts, or by permitting the plaintiff to deviate from the deeded right of way to pass through one of the existing curb cuts. The trial court found that the plaintiff had complied with all necessary site review regulations by March 7, 1989, and that the board acted unreasonably, but in good faith, in denying the plaintiff's application. The trial court concluded that the town had temporarily taken the plaintiff's right of access to the highway and awarded as compensation the monthly rent the plaintiff lost by being unable to operate a restaurant in the building since March 7, 1989.

## I. Right of Way

The first issue is whether the trial court properly determined that the plaintiff could pass through the town's existing points of access to the State highway by deviating from the location of the easement identified in the deed. The trial court found that a change in State law and the town's continuing use of two driveways on Center Street obstructed the expressly deeded right of way, and that there was no showing that the plaintiff's deviation would unduly burden the town.

 Defining the rights of the parties to an expressly deeded easement requires determining the parties' intent in light of circumstances at the time the easement was granted. *Lussier v. N.E. Power Co.*, 133 N.H. 753, 756, 584 A.2d 179, 181 (1990). We base our judgment on this question of law on the trial court's findings of fact. *See Robbins v. Lake Ossipee Village, Inc.*, 118 N.H. 534, 536, 389 A.2d 940, 941 (1978). Clear and unambiguous terms of a deed control how we construe the parties' intent, *see Lussier*, 133 N.H. at 756, 584 A.2d at 181, but the law may imply supplemental rights. *See Sakansky v. Wein*, 86 N.H. 337, 339, 169 A. 1, 2–3 (1933). The overriding principle defining the parties' proper exercise of their rights is the rule of reason, which gives "detailed definition to rights created

by general words either actually used" in the deed "or, whose existence is implied by law." *Id.* at 339, 169 A. at 2; *cf. Robbins,* 118 N.H. at 536–37, 389 A.2d at 942 (holding that trial court did not err in finding implied right to use and enjoyment of beach in deeded right of way to beach); *White v. Hotel Co.,* 68 N.H. 38, 43, 34 A. 672, 674 (1894) (Under an express grant, grantees took "by implication whatever rights were reasonably necessary to enable them to enjoy [the easement] beneficially.").

█ In this case, the plaintiff's predecessor purchased a twelve-foot-wide easement connecting the back lot with the State highway, running along the northerly edge of the town property. The deed provides that the grantor and grantee could use vehicles to pass over the right of way. When the easement was deeded in 1962, neither the town nor the grantee had reason to know that the State would pass a law seven years later prohibiting more than two driveway permits for a parcel of land abutting a State highway unless the frontage along that highway exceeds five hundred feet. *See* RSA 236:13, IV(b). The record amply supports the finding that the parties intended to create an easement that would allow vehicles to pass from the plaintiff's lot to the highway, over a specified twelve-foot-wide strip of land.

██ Citing *Sakansky v. Wein,* 86 N.H. at 340, 169 A. at 3, the town argues that the beneficiary of an express easement may not deviate from the path of a right of way identified in a deed, unless the owner of the servient estate has physically obstructed the deeded way. We disagree. The rights inherent in dominant and servient tenements are correlative, not absolute. The owner of a servient estate has the privilege to use the land affected by an easement to the extent that his or her use does not impair the dominant tenant's right of way. *See Bean v. Coleman,* 44 N.H. 539, 544 (1863). Likewise, the dominant tenant must use the easement reasonably, so as not to damage the servient tenant's possessory interest. *See Thurston Enterprises, Inc. v. Baldi,* 128 N.H. 760, 764, 519 A.2d 297, 300 (1986).

The town's reliance on *Sakansky* for a statement of the absolute rights of dominant and servient tenements is misplaced. The decision in *Sakansky* was that the defendants, as owners of a servient estate, could not erect a building that would partially obstruct the deeded right of way, even if they offered the plaintiff, as the dominant tenant, a reasonable alternate route over the servient estate. *Sakansky,* 86 N.H. at 340, 169 A. at 3. We determined in *Sakansky* that the dominant tenant's right to make a reasonable use of a

deeded right of way is absolute, and that the servient estate owners had no privilege to deflect the dominant tenant's course from the location of the deeded way. *Id.* In dicta, we stated that the plaintiff, as the dominant tenant, had no right to use other land of the defendants, "regardless of how necessary such other land may be to [the plaintiff], and regardless of how little damage or inconvenience such use of the defendants' land might [cause] them." *Id. Sakansky's* dicta does not control this case. *Sakansky* concerned a useful easement, whose use the owners of the servient estate threatened to impair; the ruling preserved the dominant tenant's right to continue using an express easement for a reasonable purpose. *Sakansky* did not concern what is at issue in this case: an easement rendered useless in its deeded location for its intended purpose because the servient tenant's long-standing use of its property affects how a relatively new State law applies to the property. Whether the dominant tenant may deviate from the deeded right of way under these circumstances is a matter requiring attention to what is a reasonable allocation of benefits and burdens in light of the contracting parties' intent to permit traffic to the highway from the back lot.

We note that the result sought by the defendant would cast the entire burden of the State's shifting legal landscape on the plaintiff, whose predecessor acquired the easement under prior State highway regulations. Parties to an easement grant may expressly provide for such a result, but the town and the plaintiff's predecessor expressed no will on this issue, apart from manifesting an intent that the easement be located approximately thirty feet northerly of the town parking area and that the easement connect the back lot to the State highway.

■ The town granted the easement under consideration to the plaintiff's predecessor and retained ownership of the servient estate. Without the easement, the proposed restaurant parking area lacks an egress. The trial court found in effect that it is the defendant's continuing use of the existing driveways and curb cuts in light of the statutory change that has affected the plaintiff's ability to use his deeded easement. This conduct is the functional equivalent of the obstruction or impairment contemplated in *Sakansky* and *Bean*. The trial court also found that the deviation proposed by the plaintiff would not unduly burden the defendant. We uphold such findings if they are supported by the evidence and are not erroneous as a matter of law. *See Batakis v. Town of Belmont*, 135 N.H. 595, 597, 607 A.2d 956, 957 (1992). The record supports the trial court's findings. Under these circumstances, the owner of the dominant estate may

deviate from the deeded easement to the extent reasonably necessary to secure an egress to the highway. *Cf. Haley v. Colcord*, 59 N.H. 7, 9 (1879) (holding that dominant tenant may deviate from path of prescriptive easement to extent reasonably necessary to pass around obstruction created by servient tenant).

■ Therefore, we uphold the trial court's ruling that the plaintiff may deviate from the deeded right of way to the extent reasonably necessary so that he and the town will each have access to the State highway from their tenements. Because we uphold the finding that an egress exists, we also uphold the trial court's decision that the board's denial of the site plan application for lack of egress was unreasonable.

## II. Disposition of Site Plan Application

The town argues that the proper remedy for an erroneous planning board decision should not be approval of the site plan, as the trial court granted in this case, but remand to the board for consideration of other aspects of the plan. The board denied the application because of the town parking requirements, but expressly made no findings on other aspects of the site plan. The town's brief does not highlight any requirements within the planning board's jurisdiction that remain unmet by the plaintiff's application, and there are only vague indications in the record that additional permits might be necessary if the site were developed as planned.

■ ■ The statute authorizing trial court review of planning board decisions grants the court discretion to hear additional evidence, *see Price v. Planning Board*, 120 N.H. 481, 486, 417 A.2d 997, 1001 (1980), and to reverse, affirm, or modify unreasonable decisions. *See* RSA 677:15, III, V. In this case, the trial court did not abuse its discretion in deciding not to remand the plaintiff's plan to the board. Over the course of a four-day trial, the trial court heard evidence on the plan's compatibility with public safety and welfare concerns, as well as site review and zoning requirements. The evidence supports the trial court's finding that the plaintiff's March 7, 1989, site review application complied with all necessary regulations. Of course, any actual development of the property must be consistent with all relevant State and local regulations. We find no error in the trial court's decision not to remand the plaintiff's application to the board for further review.

### III. Taking

We next consider whether the trial court properly found the plaintiff entitled to compensation for a temporary taking. The trial court awarded the plaintiff $1,150 per month since March 7, 1989, as compensation for the rents the plaintiff could have obtained if his property had received planning board approval for a restaurant and apartments.

 "[A]rbitrary or unreasonable restrictions which substantially deprive the owner of the economically viable use of his [or her] land in order to benefit the public in some way constitute a taking." *Burrows v. City of Keene*, 121 N.H. 590, 598, 432 A.2d 15, 20 (1981) (quotation omitted). An easement is a property interest, and a taking of that interest—whether temporary or permanent—would entitle the plaintiff to just compensation. *See Price v. City of Keene*, 122 N.H. 840, 841–42, 451 A.2d 382, 383 (1982); *Capitol Plumbing & Heating Supply Co. v. State*, 116 N.H. 513, 515, 363 A.2d 199, 200–01 (1976); *see also First Lutheran Church v. Los Angeles County*, 482 U.S. 304, 318 (1987). A taking may result from the application of an ordinance lacking a valid purpose or from restrictions unreasonably burdening a particular property owner. *See Burrows*, 121 N.H. at 598, 432 A.2d at 20; *cf. Metzger v. Town of Brentwood*, 117 N.H. 497, 503, 374 A.2d 954, 958 (1977) (holding that ordinance which generally promotes public welfare is unreasonable and unconstitutional as applied to landowner's property).

 The plaintiff argues that the town meeting vote and the board's denial of his site plan deprived him of his right of way to Routes 28 and 109. Disposing of each of these arguments, we first find that the voters' action on the warrant article involving the plaintiff's easement did not take the plaintiff's property rights. The minutes of the town meeting indicate that the selectmen submitted the warrant article to the voters "[t]o see if the Town will vote to authorize the Board of Selectmen to grant a right-of-way across [the town property] *in exchange for* the existing right-of-way across [the town property] granted by the Town" to the plaintiff's predecessor. (Emphasis added.) The voters did not circumscribe the plaintiff's exercise of his existing right; they proscribed the town's *exchange* of a new right of way for the original easement. The plaintiff's deeded right of way is a right to pass over the town's property, and the exercise of that right under the circumstances privileges the plaintiff's passage through the municipal parking lot, to the extent such passage is reasonably necessary to secure an egress. The voters de-

feated a different proposition, and their vote did not deprive the plaintiff of any property right.

The plaintiff's argument that the board's denial of his site plan application was a taking is also unavailing. Erroneous board decisions based on mistaken interpretations of valid regulations differ materially from technically precise applications of invalid ordinances; a mistaken board decision does not effect a taking when the erroneous decision resulted from misconstruction of otherwise valid restrictions. *See Smith v. Town of Wolfeboro*, 136 N.H. 337, 346, 615 A.2d 1252, 1257 (1992). In this case, the board denied the plaintiff's site plan application because the board misconstrued the legal effect of the town meeting vote, in light of the on-site parking requirements of the town zoning ordinance. If the board had properly perceived the plaintiff's privilege to deviate from the location of his deeded right of way, the board would have recognized that the town meeting vote did not affect the plaintiff's ability to construct an egress from the back lot. The constitutionality of the on-site parking ordinance is not at issue because the plaintiff's planned parking lot satisfied the parking requirements, and the town's vote on the disposition of municipal property did not exceed the voters' authority. *See* RSA 31:3 (1988); *deRochemont v. Holden*, 99 N.H. 80, 82, 105 A.2d 43, 45 (1954).

Although the board's mistaken decision impeded the plaintiff's conversion of his property into uses that would generate higher rents, this loss is not compensable as a taking. This appeal of the board's erroneous decision completes the governmental decision-making process under RSA 677:15, and the plaintiff's delayed realization of higher rents during this process is not compensable. *See Smith*, 136 N.H. at 346, 615 A.2d at 1257–58. We hold, accordingly, that the plaintiff did not suffer a compensable taking, and we reverse the trial court's award of lost rents.

*IV. Costs and Attorney's Fees*

Finally, we consider the plaintiff's cross-appeal for costs and attorney's fees. The trial court found that the town had acted in good faith and denied the request for costs and fees. We uphold such a finding unless it is erroneous as a matter of law or unsupported by the evidence. *See Smith*, 136 N.H. at 346, 615 A.2d at 1258. The record supports the trial court's finding. RSA 677:15, V provides that "[c]osts shall not be allowed against the municipality unless it shall

appear . . . that the planning board acted in bad faith or with malice" in making its decision. We find no error in the trial court's decision not to award costs.

 The plaintiff argues for an award of attorney's fees because the case required judicial intervention to secure his right to deviate from the easement as a result of changed State highway regulations and the town's existing driveways. An award of fees may be appropriate if an unsuccessful party, litigating anemic arguments that lack a colorable basis in the facts and in the law as it is or arguably might be, has compelled the prevailing party to seek judicial intervention to secure a clearly defined and established property right. *See Adams v. Bradshaw*, 135 N.H. 7, 16–17, 599 A.2d 481, 487–88 (1991), *cert. denied*, — U.S. —, 112 S. Ct. 1560 (1992); *Dugas v. Town of Conway*, 125 N.H. 175, 181–83, 480 A.2d 71, 75–76 (1984). In this case, the plaintiff did not suffer a taking as a result of the town's conduct. The town defended the board's action by posing in good faith an argument based on a reasonable, albeit mistaken, interpretation of the rights and duties of dominant and servient tenants. Although we appreciate that the grounds for awarding fees are flexible, *see Harkeem v. Adams*, 117 N.H. 687, 690, 377 A.2d 617, 619 (1977), we find no reason in this case to depart from the American rule that each party bear its own fees. *See Smith*, 136 N.H. at 347, 615 A.2d at 1258. We hold that the trial court properly denied the plaintiff's request for fees.

*Affirmed in part; reversed in part.*

All concurred.