Gadson v. Royal/Concord Gardens        CV-96-001-M    11/20/96

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Frederick Gadson and Joan Gadson,
      Plaintiffs

      v.                                    Civil Action No. 96-1-M

Royal/Concord Gardens Company,
      Defendant.


                            O R D E R


     Frederick and Joan Gadson bring this action against
Royal/Concord Gardens, alleging that Concord Gardens violated
their federally protected rights under Title VIII of the Civil
Rights Act of 1968, also known as the Fair Housing Act, 42 U.S.C.
§ 3601, et seq. (the "FHA").  Specifically, plaintiffs claim that
Concord Gardens wrongfully evicted them from their apartment
based upon Mr. Gadson's race and because plaintiffs previously
filed a grievance in response to racial remarks allegedly made by
management staff.  Concord Gardens denies any discriminatory
motive in evicting plaintiffs and moves to dismiss their claims,
asserting that they are barred by the doctrines of res judicata
and collateral estoppel.  Defendant argues that when plaintiffs
contested the eviction proceedings, the New Hampshire (Concord)
District Court fully and finally resolved the very factual

dispute presented here when that court found that plaintiffs' eviction was not racially motivated.

For the reasons set forth below, however, the court necessarily rules at this juncture that Concord Gardens has not met its burden of demonstrating that the doctrines of res judicata and/or collateral estoppel bar plaintiffs from further litigating whether defendant was motivated by a discriminatory animus when it evicted them. Accordingly, defendant's motion to dismiss is denied.

## Standard of Review

A motion to dismiss under Fed.R.Civ.P. 12(b)(6) is one of limited inquiry, focusing not on "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). In considering a motion to dismiss, "the material facts alleged in the complaint are to be construed in the light most favorable to the plaintiff and taken as admitted, with dismissal to be ordered only if the plaintiff is not entitled to relief under any set of facts he could prove." Chasan v. Village District of Eastman, 572 F.Supp. 578, 579

2

(D.N.H. 1983), aff'd without opinion, 745 F.2d 43 (1st Cir. 1984) (citations omitted).

## Discussion

I. Collateral Estoppel and Res Judicata.

The federal full faith and credit statute, 28 U.S.C. §1738, commands federal courts to employ state rules of res judicata and collateral estoppel when determining the preclusive effect, if any, to be given to a prior state court determination.  In Marrese v. American Academy of Orthopaedic Surgeons, 470 U.S. 373 (1985), the Supreme Court held:

> The preclusive effect of a state court judgment in a subsequent federal lawsuit generally is determined by the full faith and credit statute, which provides that state judicial proceedings "shall have the same full faith and credit in every court within the United States . . . as they have by law or usage in the courts of such State . . . from which they are taken."  28 U.S.C. §1738.  This statute directs a federal court to refer to the preclusion law of the state in which judgment was rendered.  "It has long been established that §1738 does not allow federal courts to employ their own rules of res judicata in determining the effect of state judgments.  Rather, it goes beyond the common law and commands a federal court to accept the rules chosen by the State from which the judgment is taken."

Id. at 380 (citations omitted).  See also Kremer v. Chemical Construction Corp., 456 U.S. 461, 468 (1982).  Accordingly, the

court will apply the principles of res judicata and collateral estoppel as developed by the New Hampshire Supreme Court.

"The doctrine of res judicata precludes the litigation in a later case of matters actually litigated, and matters that could have been litigated, in an earlier action between the same parties for the same cause of action." In re Alfred P., 126 N.H. 628, 629 (1985) (citations omitted). "In order for res judicata to apply to a finding or ruling, there must be `a final judgment by a court of competent jurisdiction [that] is conclusive upon the parties in a subsequent litigation involving the same cause of action.'" In re Donovan, 137 N.H. 78, 81 (1993) (quoting Marston v. U.S. Fidelity & Guaranty Co., 135 N.H. 706, 710 (1992)). "The term `cause of action' means the right to recover, regardless of the theory of recovery." Eastern Marine Constr. Corp. v. First Southern Leasing, 129 N.H. 270, 274 (1987) (citations omitted).

Collateral estoppel is a related doctrine which "precludes the relitigation by a party in a later action of any matter actually litigated in a prior action in which he or someone in privity with him was a party." In re Alfred P., 126 N.H. 628,

4

629 (1985).  "While collateral estoppel does not require an identity of the earlier and later causes of action, it precludes the relitigation only of issues actually raised and determined in the earlier litigation."  Morgenroth & Associates, Inc. v. State, 126 N.H. 266, 270 (1985).

Three conditions must be met before collateral estoppel can arise: "The issue subject to estoppel must be identical in each action, the first action must have resolved the issue finally on the merits, and the party to be estopped must have appeared as a party in the first action, or have been in privity with someone who did so.  These conditions must be understood, in turn, as particular elements of the more general requirement, that a party against whom estoppel is pleaded must have had a full and fair prior opportunity to litigate the issue or fact in question."  Daigle v. City of Portsmouth, 129 N.H. 561, 570 (1987).

II.  The State Court Eviction Proceedings.

In August of 1995, Concord Gardens served plaintiffs with a "Notice of Termination of Tenancy and Requirement to Quit the Premises."  In September of 1995, following receipt of the Notice, plaintiffs filed a complaint against defendant with the

5

United States Department of Housing and Urban Development ("HUD"), alleging housing discrimination. In that complaint, plaintiffs claimed that they were being denied their rights as tenants and were being retaliated against for having filed earlier complaints. They also complained that the eviction action was discriminatory in that it was motivated by Mr. Gadson's race. Subsequently, in February of 1996, HUD informed plaintiffs that it had concluded that there was no probable cause to believe that they had been discriminated against.

In the interim, however, the eviction proceedings continued. The matter was tried in the New Hampshire District Court in Concord (docket no. 95-LT-309). On October 11, 1995, that court issued an order on the merits, holding that the eviction was lawful and finding that plaintiffs had breached the terms of their lease by their continued use of a "burn barrel" in their yard after having been warned not to do so. The court concluded that plaintiffs' use of the burn barrel posed a safety hazard and was not a permitted use of the premises under the lease. The court also found that defendant initiated the eviction proceedings based upon plaintiffs' refusal to comply with the terms of the lease and not in retaliation for Mr. Gadson's

6

petition activities among other tenants or due to his race. Plaintiffs appealed that decision to the New Hampshire Supreme Court, which declined the appeal. Accordingly, the order of the state district court is a final decision on the merits.

In order to prevail on their claims under the FHA, plaintiffs must demonstrate a discriminatory motive or animus based upon race, color, religion, sex, familial status, or national origin. 42 U.S.C. § 3604. Concord Gardens claims, however, that the doctrines of collateral estoppel and/or res judicata bar plaintiffs from relitigating the state court's conclusion that "the eviction was not a retaliatory move by [Concord Gardens] due to Mr. Gadson's race." Accordingly, it asserts that plaintiffs' claims of racial discrimination must be dismissed.

The doctrines of collateral estoppel and res judicata plainly apply in civil rights cases. See, e.g., Kremer v. Chemical Construction Corp., 456 U.S. 461, 468 (1982); Isaac v. Schwartz, 706 F.2d 15, 16 (1st Cir. 1983). Concord Gardens has, however, utterly failed to sustain its burden of demonstrating that the issue of racial discrimination was (or even could have

7

been) fully and fairly litigated before the state court in the eviction proceedings. Aside from quoting a brief passage from the state court's holding, defendant has not produced any pleadings or transcripts relating to that proceeding, nor has it addressed the question of whether plaintiffs could have, under applicable state law, raised the issue of racial discrimination as a full and complete defense to the eviction proceeding, or, if they could, whether they did. See, e.g., RSA 540:13-a, RSA 540-A:3, and RSA 354-A:10.

In short, based upon the limited record before the court, it is entirely unclear: (1) whether New Hampshire landlord-tenant law recognizes racial discrimination as a defense to an eviction proceeding (as distinguished from actionable conduct which might give rise to a separate claim for damages); and (2) whether, in the eviction proceeding, plaintiffs had a full and fair opportunity to establish the fact of defendant's alleged racial discrimination (i.e., whether plaintiffs actually raised that issue in the state eviction proceeding). See Kremer, 456 U.S. 480-81 (the state proceeding must have met the minimum procedural requirements of the Due Process Clause of the Fourteenth Amendment and afforded plaintiffs the full and fair opportunity

8

to litigate the factual or legal issue to which preclusive effect is to be given); <u>Daigle v. City of Portsmouth</u>, 129 N.H. at 570 (Before a court may properly apply the doctrine of collateral estoppel, a party must have been afforded "a full and fair prior opportunity to litigate the issue or fact in question.").

## Conclusion

Because it is insufficiently supported, Royal/Concord Gardens' motion to dismiss (document no. 33) is necessarily denied. At a minimum, defendant should, if it refiles, demonstrate that plaintiffs <u>could</u> and <u>did</u> (or, at least, had a meaningful opportunity to) raise the issue of defendant's alleged racial discrimination in the state eviction proceedings.


SO ORDERED.


_____
Steven J. McAuliffe
United States District Judge

November 20, 1996

cc:  Frederick Gadson
     Joan Gadson
     Harold E. Ekstrom, Esq.
     James M. Cassidy, Esq.

9