Donovan v. Greenfield                    CV-02-364-M    10/23/02
                    UNITED STATES DISTRICT COURT

                       DISTRICT OF NEW HAMPSHIRE


Patricia A. Donovan,
      Plaintiff

      v.                                      Civil No. 02-364-M
                                              Opinion No. 2002 DNH 187
Town of Greenfield, New Hampshire,
      Defendant


                            **O R D E R**


      Patricia Donovan brings this action against the Town of

Greenfield, New Hampshire, claiming the Town deprived her of

various constitutionally protected rights and seeking declaratory

and injunctive relief.  See 42 U.S.C. §§ 1981 and 1983.  Because

she is proceeding pro se, the Magistrate Judge conducted a

preliminary review of her second amended complaint to determine

whether it properly invokes the court's subject matter

jurisdiction.  As part of that initial review, the Magistrate

Judge construed plaintiff's complaint as follows:

      Donovan alleges that the Town of Greenfield has
      violated her First Amendment right to free exercise of
      speech by prohibiting her from participating in Town
      functions, by assessing penalties against her and by
      denying her appointment to Town committees.  She
      further alleges that the Town has violated her
      Fourteenth Amendment right to equal protection by

employing unfair and unequal process of appointment and treating her differently than similarly situated Town residents who have applied for volunteer appointments to Town [c]ommittees.  Lastly, Donovan asserts that the defendant's adverse actions against her were in retaliation for her [prior] litigation against the Town.

Order dated September 17, 2002 (document no. 9).  The Town has moved to dismiss plaintiff's complaint, saying all of the claims she currently advances against it are barred by the doctrine of res judicata.

## Background

This is not plaintiff's first suit against the Town.  On August 5, 2002, she initiated a civil action against the Town in the New Hampshire Superior Court, by filing a "Request for Temporary Restraint Order with a Scheduled Evidentiary Hearing." See Exhibit A to defendant's motion to dismiss (document no. 13). The court docketed the matter as a civil case, rather than one in equity (New Hampshire continues to maintain a distinction between actions at law and those in equity).  And, under New Hampshire practice, a party may initiate a law suit simply by filing a request for injunctive relief (i.e., without filing a bill in equity or a writ of summons), provided "process at law or in

2

equity" is subsequently filed within a period specified by the court. Rule 162 of the New Hampshire Superior Court Rules.

That same day, the court denied plaintiff's motion for temporary relief, denied her request for an evidentiary hearing, and ruled that, as a matter of law, she was not entitled to any relief based upon the facts she had alleged. Accordingly, her petition was dismissed. Plaintiff did not move the court to reconsider its dismissal order nor did she appeal to the state supreme court. Instead, two days later, she filed suit in this court, alleging the same facts that she advanced in state court (with slightly more detail) and seeking precisely the same relief that had been denied by the state court: declaratory and injunctive relief (in neither action did plaintiff seek monetary damages). The only meaningful difference between the two actions is that in this forum, plaintiff is advancing her claims under the provisions of 42 U.S.C. § 1981 and 1983. Her causes of action, however, arise from the same operative facts and remain the same. See Eastern Marine Constr. Corp. v. First Southern Leasing, 129 N.H. 270, 274 (1987) ("[W]e choose to expressly follow what we consider to be the modern and better view, and

hold that the term 'cause of action' means the right to recover, regardless of the theory of recovery.").

## Discussion

The federal full faith and credit statute, 28 U.S.C. § 1738, commands federal courts to employ state rules of res judicata when determining the preclusive effect, if any, to be given to a prior state court determination.  See Marrese v. American Academy of Orthopaedic Surgeons, 470 U.S. 373, 380 (1985); Kremer v. Chemical Constr. Corp., 456 U.S. 461, 468 (1982).  Accordingly, the court will apply the principles of res judicata as developed by the New Hampshire Supreme Court.

Under New Hampshire law, "[t]he doctrine of res judicata precludes the litigation in a later case of matters actually litigated, and matters that could have been litigated, in an earlier action between the same parties for the same cause of action."  In re Alfred P., 126 N.H. 628, 629 (1985) (citations omitted).  "In order for res judicata to apply to a finding or ruling, there must be 'a final judgment by a court of competent jurisdiction [that] is conclusive upon the parties in a

4

subsequent litigation involving the same cause of action.'" In re Donovan, 137 N.H. 78, 81 (1993) (quoting Marston v. U.S. Fidelity & Guaranty Co., 135 N.H. 706, 710 (1992)).

In other words, for the doctrine of res judicata to apply, "three elements must be met: (1) the parties must be the same or in privity with one another; (2) the same cause of action must be before the court in both instances; and (3) a final judgment on the merits must have been rendered on the first action." Brzica v. Trustees of Dartmouth College, 147 N.H. 443, 454 (2002). And, as noted above, the term "cause of action" means the "right to recover, regardless of the theory of recovery." Eastern Marine Constr. Corp., 129 N.H. at 274 (citations omitted).

Here, each of those three essential elements is present. As to the existence of the first and third elements, there can be little doubt that the parties in the two proceedings are identical and the state court resolved plaintiff's claims against her on the merits. Finally, the claims raised (and the underlying facts upon which those claims are based) in the two

proceedings are also identical. Specifically, in each action, plaintiff alleged that:

1. The Town violated her civil rights. <u>See</u> Plaintiff's petition for TRO at para. 9, 14; Plaintiff's second amended complaint at para. 8, 14, 47-49.

2. The Town discriminated against her based upon her political beliefs, opinions, statements, and conduct. <u>See</u> Plaintiff's petition for TRO at para. 12; Plaintiff's second amended complaint at para. 34, 40, 45.

3. The Town discriminated against her based upon her having previously pursued litigation against the Town. <u>See</u> Plaintiff's petition for TRO at para. 6; Plaintiff's second amended complaint at para. 5.

Although it is true that plaintiff did not invoke the provisions of 42 U.S.C. § 1983 in her state law action, it is clear that the claims she advanced in that forum, and the underlying facts upon which they were based, are identical to those advanced in this proceeding - only the vehicle by which she seeks to pursue those claims is different. Consequently, the doctrine of res judicata precludes plaintiff from relitigating those claims in this forum.

Parenthetically, the court notes that the court of appeals for this circuit recently addressed New Hampshire's doctrine of

6

res judicata and appears to have adopted a fairly narrow interpretation of it. Specifically, although the circuit court acknowledged that res judicata "encompasses all theories on which relief <u>could be claimed</u> on the basis of the factual transaction in question," <u>Patterson v. Patterson</u>, 2002 WL 31259493, at \*5 (1st Cir. Oct. 9, 2002) (emphasis supplied), it limited the application of res judicata exclusively to those causes of action that could be supported by the facts actually pled in the original proceeding (as opposed to the facts that <u>could have been</u> pled and which arise out of the same underlying transaction or occurrence). <u>Id.</u> at 6 (holding that res judicata did not preclude second suit because although "certain of the facts that underpinned the [original] proceeding would have been relevant in pursuing [the claim advanced in the second proceeding] . . . the bulk of the facts needed for the latter were not part of the [original] case as actually presented to the probate court.").

That somewhat narrow view of the doctrine's scope is, perhaps, best understood as reflecting the unique fact pattern in the underlying case. But, generally speaking, New Hampshire follows a more expansive "modern" view of res judicata. <u>See,</u>

7

e.g., Eastern Marine Const. Corp., 129 N.H. at 274-75 (1987)
("Such a narrow view of res judicata, however, is not in keeping
with the principle that pervades our modern procedure.  The
central policy exemplified by the free permissive joinder of
claims, liberal amendment provisions, and compulsory
counterclaims, is that the whole controversy between the parties
may and often must be brought before the same court in the same
action.") (emphasis supplied); Appeal of the Univ. System of N.H.
Bd. of Trustees, 147 N.H. 626, 629 (2002) ("Res judicata, or
claim preclusion, bars the relitigation of any issue that was or
might have been raised in respect to the subject matter of the
prior litigation.  In determining whether two actions are the
same cause of action for the purpose of applying res judicata, we
consider whether the alleged causes of action arise out of the
same transaction or occurrence.") (citations and internal
quotation marks omitted).  See also Brzica, 147 N.H. at 455-56
("Res judicata will bar a second action even though the plaintiff
is prepared in the second action to present evidence or grounds
or theories of the case not presented in the first action.");
Radkay v. Confalone, 133 N.H. 294, 298 (1990) ("Generally, once a
party has exercised the right to recover based upon a particular

8

factual transaction, that party is barred from seeking further recovery, even though the type of remedy or theory of relief may be different.").

Nevertheless, even accepting that the New Hampshire Supreme Court would generally endorse what appears to be a narrower interpretation of the state's res judicata jurisprudence by the First Circuit, and assuming further that this court has erred in concluding that the same claims raised in this litigation were actually raised in plaintiff's state court case, one thing is beyond dispute: plaintiff <u>could</u> have raised the same claims in state court that she now advances, since those claims are based upon the same "material facts" that formed the basis of her state court action. <u>See</u> <u>Patterson</u> at *5. In other words, the claims she advances in this forum arise out of the very same "transactions" and "occurrences" that formed the basis of her state court action.

## Conclusion

The claims plaintiff seeks to advance in this proceeding are barred by New Hampshire's doctrine of res judicata. Accordingly, defendant's motion to dismiss (document no. 13) is granted. The

Clerk of Court shall enter judgment in accordance with this order and close the case.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

October 23, 2002

cc:  Patricia A. Donovan, pro se
     John F. Teague, Esq.

10