Rockingham
No. 79-353

SEBASTIAN G. MARINO

v.

ROBERT B. GOSS & a.

August 21, 1980

512

*Griffin, Harrington, Brigham & Ritzo*, of Portsmouth (*Lindsey R. Brigham* orally), for the plaintiff.

*Tetler & Holmes*, of Hampton (*Gary W. Holmes* orally), and *Scott & Swanson*, of Portsmouth (*William G. Scott* orally), for the defendants.

BOIS, J. This case involves a petition for a writ of mandamus or a mandatory injunction brought by the plaintiff against the town of Rye's selectmen and building inspector for denying him a permit to construct a single family residence. The defendants appeal from a decree of the court ordering them to issue a building permit to the plaintiff. The plaintiff appeals from a ruling that the defendants are not liable for damages. We uphold the rulings and order of the trial court.

The plaintiff is the owner of an undeveloped parcel of land in Rye. On July 10, 1973, he applied for a variance to the Rye Board of Adjustment to enable him to build a residence on a substandard size lot. Following a public hearing, the board approved the variance "subject to approval of State Water Pollution Control Board as to septic system and surface drainage." On October 25, 1975, the State Water Supply and Pollution Control Commission approved the plaintiff's septic and drainage system with the following condition: "[e]xtensive fill requires successful modification of overland drainage compatible to neighborhood." The plaintiff thereafter applied for a building permit from the Rye building inspector. On November 5, 1975, the building inspector denied the permit "based on the Zoning Ordinance of the Town of Rye, N.H., Section 14-C, line 3," which prohibits "[a]ny use or thing which is injurious, noxious or offensive to the neighborhood."

The plaintiff petitioned for a writ of mandamus or a mandatory injunction ordering the town of Rye to issue him a building permit

and asking for compensatory damages. Trial by a Master (*Francis E. Perkins*, J.) resulted in a recommendation that the petition be granted and the Rye building inspector be ordered to issue a building permit to the plaintiff, but that the defendants not be held liable for damages. The Trial Court (*Mullavey*, J.) approved the recommendation, entered a decree in accordance therewith, and reserved and transferred both the plaintiff's and the defendants' exceptions.

The first issue is whether the Rye building inspector had the discretionary authority to deny the plaintiff a building permit. We hold that, under the circumstances of this case, he did not.

■■ The Rye building inspector has been delegated authority to administer the provisions of both the building code and the zoning ordinance. Rye Zoning Ordinance § 21; Rye Building Code § 2.2. Such delegation is proper and lawful. *See* RSA 156:1; *see, e.g., Carrick v. Langtry*, 99 N.H. 251, 108 A.2d 546 (1954). A building inspector's authority to enforce a zoning ordinance, however, if existent, is derived from the power of a town to zone, RSA 31:60, and is necessarily subservient to the authority of a board of adjustment. RSA 31:72. The Rye Board of Adjustment has authority to grant a variance from the terms of the zoning ordinance and to review determinations made by those charged with enforcement of the zoning ordinance. RSA 31:72; Rye Zoning Ordinance § 18. The Rye building inspector has no authority to interfere with or independently review the board's decisions and is bound by them.

■■ In granting the variance at issue, the Rye Board of Adjustment implicitly found that the plaintiff's proposed use would not be contrary to the public interest and that the plaintiff's septic and drainage system would be suitable if approved by the State Water Supply and Pollution Control Commission. The Rye building inspector cannot now deny the permit on the basis that the plaintiff's proposed use is "injurious, noxious or offensive to the neighborhood." Although the building inspector may have continuing authority to insure that the plaintiff's construction meets the specifications of the approved plans, he is bound by the board of adjustment's findings that the proposed use was not contrary to the public interest and that the septic and drainage system was conditionally suitable. The building inspector is accordingly barred from denying the plaintiff a building permit under the circumstances of this case.

The second issue is whether the court properly ruled that the

defendants were not liable for damages. We hold that the ruling was proper.

Judicial, quasi-judicial, legislative or quasi-legislative acts of a town ordinarily do not subject it to claims for damages. *Hurley v. Hudson*, 112 N.H. 365, 368, 296 A.2d 905, 907 (1972). Although immunity may be withheld from those in officialdom who interact with a citizen in bad faith, the legislature has said that members of boards of adjustment, among others, are not liable for damages as long as they act in good faith. *Win-Tasch Corporation v. Town of Merrimack*, 120 N.H. 6, 11, 411 A.2d 144, 147 (1980); RSA 31:104 (Supp. 1979). The master found that the defendants "acted in good faith, without malice and without corruption with respect to the denial of the building permit to the plaintiff." The plaintiff did not take exception to this finding. We therefore uphold the master's ruling that the defendants were not liable for damages to the plaintiff.

The plaintiff argues that an agreement between himself and the court prior to trial "that the matter of damages, *if any*, be tried by jury" (emphasis added) now entitles him to a jury trial on the issue of liability. The master found and ruled at the close of the trial that "there is no issue of liability for damages on the part of any of the defendants." We interpret the "agreement" to mean that the amount of damages and not the liability therefor would be reserved for a jury trial. The master foreclosed the necessity for a jury trial on the damage issue when he concluded that no liability existed on the part of the defendants. Accordingly, we find that the plaintiff is not now entitled to a jury trial and hold that the master's ruling was proper.

*Affirmed.*

All concurred.