Rockingham
No. 2001-612

HENRY TORROMEO

v.

TOWN OF FREMONT

MDR CORPORATION

v.

TOWN OF FREMONT

Argued: July 11, 2002
Opinion Issued: December 13, 2002

*Sumner F. Kalman, Attorney at Law, P.C.*, of Plaistow (*Sumner F. Kalman* on the brief and orally), for the plaintiffs.

*Casassa and Ryan*, of Hampton (*John J. Ryan* on the brief and orally), for the defendant.

*Susan Slack,* of Concord, by brief, for the New Hampshire Municipal Association, as *amicus curiae.*

NADEAU, J. The defendant, the Town of Fremont (town), appeals orders of the Superior Court (*McHugh* and *Abramson,* JJ.), holding the town liable to the plaintiffs, Henry Torromeo and MDR Corporation (MDR), for damages caused by the town's denial of building permits pursuant to an invalid growth control ordinance. We reverse.

The trial court found, or the record discloses, the following facts. Torromeo is the developer of Mason's Corner, a twenty-seven lot residential subdivision in Fremont. The subdivision plan was approved by the town planning board and recorded in the Rockingham County Registry of Deeds in February 1997. In August 1999, when five lots in the subdivision remained unsold, the town stopped issuing building permits pursuant to its growth control ordinance. Torromeo and a prospective purchaser sued the town, seeking to require it to issue a building permit to the buyer. The Trial Court (*Galway,* J.) determined that the subdivision was exempt from the growth control ordinance under RSA 674:39, which provides, in part, that an approved and properly-recorded plat or site plan is exempt from subsequent zoning ordinance changes, except those expressly protecting public health standards, for four years from the date of recording. *See* RSA 674:39 (1996). The court enjoined the town from refusing to issue the requested permit.

MDR is the developer of Glidden Hill Estates, a fourteen-lot subdivision in Fremont. MDR was issued five building permits, but was informed by the town that under the growth control ordinance, no more permits would be issued until April 2000. MDR sued the town, challenging the growth control ordinance. MDR argued that the ordinance was invalid because the town never legally adopted a capital improvement program (CIP), which is a prerequisite to the adoption of a growth control ordinance, *see* RSA 674:22 (1996). The Trial Court (*Murphy,* J.) agreed, ruling, among other things, that because the subject of the motion made at the 1987 town meeting regarding a CIP was not stated in the warrant, the motion was invalid. The court therefore ruled that a valid CIP was never adopted and that the growth control ordinance was invalid *ab initio.* We summarily affirmed that decision on June 26, 2000. *See MDR Corporation v. Town of Fremont,* No. 2000-100 (N.H. June 26, 2000).

Following the dispositions of their respective cases in superior court, the plaintiffs filed separate actions against the town for damages caused by the temporary taking of their property from the time building permits were denied under the growth control ordinance until they were finally issued. Each plaintiff filed a motion for summary judgment on the issue of

liability, arguing, among other things, that the town's liability was established by the prior decision in the MDR case that the growth control ordinance was invalid *ab initio*. The town objected, arguing that the plaintiffs had to show that the ordinance was unconstitutional, not merely invalid or unenforceable. The Trial Court (*McHugh,* J.) denied the motions.

MDR then filed a request for a ruling of law that the decision declaring the ordinance invalid *ab initio* also rendered it "unconstitutional per se," making it unnecessary to further prove that the ordinance was arbitrary or unreasonable. The trial court ruled:

> As this Court understands the dispute, the determination of whether or not the Growth Control Ordinance is or is not unconstitutional is not a prerequisite to the plaintiff claiming monetary damages, but those damages would be limited to economic losses due to its inability to build homes for the period of time that the Town refused to grant building permits.

The court ruled that MDR would have to prove unconstitutionality, however, in order to recover attorney's fees.

The town filed a motion for reconsideration, which the court addressed in an order dated March 19, 2001. In that order, the court joined the MDR and Torromeo cases by consent of the parties. It then sought to clarify its prior rulings on the takings issue, noting in hindsight that it should have granted the plaintiffs' motions for summary judgment on the issue of liability. It concluded:

> Call it what you will, this Court finds and rules that the plaintiff [*sic*] in both of these cases are entitled as a matter of law to recover damages for economic loss due to the Town's attempted enforcement of its invalid Growth Control Ordinance. In this Court's view those economic losses are compensable whether or not a "taking" occurred under existing case law.

A trial was held on the issue of damages and the Trial Court (*Abramson,* J.) awarded the plaintiffs the carrying costs and fair rental value on their unsold lots during the time the growth control ordinance prevented them from obtaining building permits. The town now appeals, contending that the trial court erred in ruling: (1) that the plaintiffs did not have to prove the unconstitutionality of the growth control ordinance in order to recover for a taking; and (2) that the plaintiffs could recover damages for loss of economic use of their property based solely upon the finding in the previous MDR case that the ordinance was invalid due to a procedural error.

"We will uphold the decision of the trial court unless it is unsupported by the evidence or is legally erroneous." *Smith v. Town of Wolfeboro*, 136 N.H. 337, 342 (1992). The town argues that the trial court erred in failing to distinguish between an ordinance that is unconstitutional and one that is merely unenforceable due to a procedural defect in its enactment. We agree.

The ruling in the first MDR case, which the plaintiffs claim establishes liability for damages, did not find the growth control ordinance unconstitutional, but rather void due to a procedural defect. The trial court stated as much in its order on MDR's request for ruling of law: "Declaring that the Ordinance cannot be applied to the plaintiff because it was not procedurally enacted correctly does not mean the Ordinance is substantively unconstitutional." In ruling that the plaintiffs could nevertheless recover damages, however, the trial court erred.

We have held that "arbitrary or unreasonable [zoning ordinance] restrictions which substantially deprive the owner of the economically viable use of his land in order to benefit the public in some way constitute a taking within the meaning of our New Hampshire Constitution requiring the payment of just compensation." *Burrows v. City of Keene*, 121 N.H. 590, 598 (1981) (quotation omitted). We have, however, rejected claims for damages in zoning ordinance challenges in which it was determined that no taking or inverse condemnation occurred, *see Soares v. Town of Atkinson*, 129 N.H. 313, 317 (1987), or where the constitutionality of the regulation was not challenged, *see Smith*, 136 N.H. at 345. We have also distinguished an erroneous planning board decision based upon an otherwise valid regulation from "the application of an invalid regulation," and held that the former does not constitute a compensable taking even though it may subject the property owner to a loss of value. *Id.* at 346; *see also Dumont v. Town of Wolfeboro*, 137 N.H. 1, 10 (1993). Rather, the owner's only remedy is reversal of the erroneous decision on appeal. *See Smith*, 136 N.H. at 346; *Dumont*, 137 N.H. at 10.

The plaintiffs argue that because the growth control ordinance was found to be invalid *ab initio*, this is a case of "the application of an invalid regulation" as discussed in *Smith*. We disagree. The context in which that term is used in *Smith* indicates that by "invalid regulation," we meant an unconstitutional one:

> An erroneous planning board decision based on sound authority must be distinguished from the application of an invalid regulation. An appeal of a mistaken board decision is an element of the governmental decision making process under RSA 677:15 (amended 1991). A declaration that an ordinance is

unconstitutional is an extraordinary measure, designed to rectify a conclusory act of rule making that stripped a property owner of his or her rights.

*Smith*, 136 N.H. at 346.

■ Absent a determination that the ordinance is unconstitutional and constitutes a taking, this case presents merely the type of municipal error for which judicial reversal of the erroneous action is the only remedy. "Judicial, quasi-judicial, legislative or quasi-legislative acts of a town ordinarily do not subject it to claims for damages." *Marino v. Goss*, 120 N.H. 511, 514 (1980). Accordingly, we hold that the plaintiffs are not entitled to damages, and that their only remedy is issuance of the erroneously-denied building permits.

*Reversed.*

BROCK, C.J., and DALIANIS and DUGGAN, JJ., concurred.