Susan MANI, Plaintiff

v.

**UNITED BANK, et al, Defendants.**

**Civil Action No. 06–30120–MAP.**

United States District Court,
D. Massachusetts.

July 25, 2007.

408

Susan Mani, South Hadley, MA, pro se.

Kathleen E. Kelly, Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, William A. Ryan, Jr., Dane & Howe, LLP, Boston, Ma, Carole Sakowski Lynch, Morrison Mahoney LLP, Springfield, MA, Edward J. Ryan, Jr., Ryan, Boudreau, Randall, Kirk-

patrick & Baker, LLP, South Hadley, MA, for Defendants.

### MEMORANDUM AND ORDER REGARDING UNITED BANK'S MOTION TO DISMISS

PONSOR, District Judge.

## I. INTRODUCTION

*Pro se* Plaintiff Susan Mani has filed this lawsuit, arising from the foreclosure of her home, against numerous officials of the Town of South Hadley (the "Town"), United Bank ("Defendant" or the "Bank"), and the Executive Office of Environmental Affairs of the Commonwealth of Massachusetts.

Defendant United Bank has moved to dismiss on four grounds: (1) lack of subject matter jurisdiction, (2) a prior identical action in state court, (3) failure to state a claim, and (4) failure to plead fraud with particularity.

The Bank's Motion to Dismiss presents the court with an unusual problem. On the one hand, the complaint is somewhat disjointed, both in its recitation of facts and in the articulation of its supporting legal theories. As will be seen, Plaintiff's attempt to anchor federal jurisdiction on the civil RICO statute, 18 U.S.C. §§ 1961 *et seq.*, is plainly off base.

On the other hand, a fair reading of the complaint reveals that its allegations might be sufficient to support another federal cause of action, a civil rights suit pursuant to 42 U.S.C. § 1983, which Plaintiff has nowhere explicitly identified.

■ Parties representing themselves enjoy a level of reasonable generosity in response to their attempts to gain redress. *Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)(per curiam). For this reason, the court will allow Defendant's Motion to Dismiss, but without prejudice to Plaintiff's right to file within thirty days, if she wishes, an amended complaint offering a claim pursuant to 42 U.S.C. § 1983 against the Bank. Failure to file the amended complaint by the deadline will result in an order that a final judgment of dismissal be entered.

## II. PROCEDURAL AND FACTUAL BACKGROUND

As noted, this lawsuit arose out of the July 21, 2006 foreclosure on Plaintiff's residential property, located at Lot 8, Valley View Drive, a/k/a 4 White Brook Lane, South Hadley, Massachusetts. United Bank was the mortgagee of the property.

As a result of Plaintiff's failure to make timely mortgage payments, a judgment of foreclosure on the property was initially entered by the Massachusetts Land Court on January 31, 2006. Subsequently, Plaintiff, *pro se,* filed a complaint against United Bank in Land Court seeking to enjoin United Bank from proceeding with the physical foreclosure. The state court complaint alleged, among other claims, a fraudulent foreclosure and a violation of Mass. Gen. Laws ch. 93A and ch. 185, § 112.

On June 8, 2006, the Land Court denied Plaintiff's motion for a preliminary injunction. Defendant later filed a motion to dismiss, which was subsequently allowed. On June 13, 2006, Plaintiff petitioned the Single Justice of the Appeals Court for an order reversing the Land Court's denial of her request for a preliminary injunction. Plaintiff's petition was denied by the Single Justice on July 20, 2006.

On July 21, 2006, the foreclosure auction proceeded as scheduled. United Bank was the prevailing high bidder and purchased the property.

On August 2, 2006, Plaintiff appealed the Massachusetts Land Court's denial of the

preliminary injunction and dismissal of her complaint to the full panel of the Massachusetts Appeals Court. This appeal is still pending.

Prior to her appeal of the Land Court's rulings, on July 24, 2006, Plaintiff filed the complaint currently before this court. The claims against the Bank here are, in part, the same as those raised in the Land Court action: improper foreclosure in violation of Mass. Gen. Laws ch. 244, § 11 and a violation of the Consumer Protection Laws under Mass. Gen. Laws ch. 93A. As to those claims that might arguably be read to invoke federal law, the relevant portions of the Complaint read as follows:

6. The United Bank violated the plaintiff's privacy contract signed with the bank when they conveyed personal, financial and other information to some or all of the other defendants in this action.

7. The bank violated the plaintiff's civil rights since their conduct was extreme and outrageous.

8. The bank extorted the plaintiff of the equity title by the act of a premature and illegal foreclosure.

9. The bank committed mail and wire fraud with some of the other defendants in this action to cause harm to the plaintiff.

10. The bank conspired with some or all of the defendants in this action to increase the assessed value of the property to an extent to cause financial burden for the plaintiff.

11. The bank violated banking regulations when it conspired with some or all of the defendants to cause financial ruin to the plaintiff, a customer of the bank.

Dkt. No. 1, at (unnumbered) 5–6.

Under the section of the complaint pertaining to the Defendant Town officials, Plaintiff also alleges that "[t]he above defendants conspired with United Bank to force a personal sale of the property to make the Appeals Action moot." In Plaintiff's memorandum in opposition to the Motion to Dismiss, she argues that these allegations constitute a claim of civil RICO conspiracy. (*See* Dkt. No. 31 at (unnumbered) 5, *et.seq.*)

## III. *STANDARD*

On a motion to dismiss, a court is required to accept as true all well-pled factual allegations and draw reasonable inferences in favor of the plaintiff. *In re Stone & Webster, Inc., Sec. Litig.*, 414 F.3d 187, 200 (1st Cir.2005). Despite this generous standard, the pleading requirement is "not entirely a toothless tiger." *Dartmouth Review v. Dartmouth College*, 889 F.2d 13, 16 (1st Cir.1989). "The threshold [for stating a claim] may be low, but it is real." *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 514 (1st Cir.1988). In order to survive a motion to dismiss, Plaintiff must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery." *Id.* at 515.

## IV. *DISCUSSION*

### A. *Jurisdiction.*

As noted in the Introduction, United Bank's first argument in support of dismissal is the absence of any supportable basis for federal jurisdiction. Since the parties are not diverse, an adequately pled federal question is needed to support jurisdiction here.

Plaintiff's only attempt to identify a federal cause of action in her memorandum focuses on a purported civil RICO claim. 18 U.S.C. §§ 1961 *et seq.* Even a cursory review of that statute and the authorities construing it, however, makes it clear that no such cause of action will lie.

To survive dismissal, a plaintiff offering a RICO claim must allege facts

sufficient to prove four elements: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. *Doyle v. Hasbro, Inc.,* 103 F.3d 186, 190 (1st Cir.1996). A plaintiff pursuing a claim for RICO *conspiracy* under 18 U.S.C. § 1962(d) must offer proof of the same elements, plus proof that each RICO co-conspirator knowingly joined the conspiracy and involved himself or herself, directly or indirectly, in the commission of at least two predicate offenses. *Feinstein v. Resolution Trust Corp.,* 942 F.2d 34, 41 (1st Cir.1991); *see also United States v. Angiulo,* 847 F.2d 956, 964 (1st Cir.1988) (necessary elements of RICO conspiracy charge are (1) the existence of an enterprise, (2) that each defendant knowingly joined the enterprise, and (3) that each defendant agreed to commit, or in fact committed, two or more specified predicate crimes as part of his participation in the enterprise), *cert. denied,* 488 U.S. 852, 109 S.Ct. 138, 102 L.Ed.2d 110 (1988); *see also Banks v. Wolk,* 918 F.2d 418, 421 (3d Cir.1990) ("[N]o defendant can be liable under RICO unless he participated in two or more predicate offenses sufficient to constitute a pattern").

■ To the extent that the complaint purports to offer a RICO claim, Defendants identify a number of deficiencies in the allegations. The most glaring flaw is the absence of any allegation sufficient to demonstrate a pattern of racketeering activity. The definitional section of the RICO statute, 18 U.S.C. § 1961, "does not so much define a pattern of racketeering activity as state a minimum necessary condition for the existence of such a pattern." *H.J. Inc. v. Northwestern Bell Tel. Co.,* 492 U.S. 229, 237, 109 S.Ct. 2893, 106 L.Ed.2d 195 (1989). A pattern "requires at least two acts of racketeering activity, one of which occurred after [October 15, 1979] and the last of which occurred within ten years (excluding any period of imprisonment) after the commission of a prior act of racketeering activity." 18 U.S.C. § 1961(5). A predicate act may be any act indictable under one or more of certain specific criminal laws. *See* 18 U.S.C. § 1961(1)(B).

The Supreme Court has construed the pattern element as requiring a showing that "the racketeering predicates are related, *and* that they amount to or pose a threat of continued criminal activity." *H.J. Inc.,* 492 U.S. at 239, 109 S.Ct. 2893 (emphasis in original). This requirement has sometimes been called the "continuity plus relationship" standard. *Efron v. Embassy Suites (P.R.), Inc.,* 223 F.3d 12, 15 (1st Cir.2000).

■ The Supreme Court has identified two methods for establishing continuity. Under the "closed-ended" approach, continuity is established by showing "a series of related predicates extending over a substantial period of time" that "amount to" a threat of continued criminal activity. *H.J., Inc.,* 492 U.S. at 242, 109 S.Ct. 2893. Because the RICO statute was intended to reach only long-term criminal conduct, "[p]redicate acts extending over a few weeks or months and threatening no future criminal conduct do not satisfy [the continuity] requirement." *Id.*

■ Under the "open-ended" approach, a RICO plaintiff need not wait for a long-term pattern to develop, but may state a claim so long as the alleged "racketeering acts themselves include a specific threat of repetition extending indefinitely into the future [or] ... are part of an ongoing entity's regular way of doing business." *Id.* Generally, where "only a few predicate acts are alleged, or where the period of time is short, continuity can never be established." *Giuliano v. Fulton,* 399 F.3d 381, 388 (1st Cir.2005). This is because "[t]oo few acts would suggest that

the defendants were engaged in only 'sporadic activity,' ... and too short a period of time would suggest that defendants were not engaged in 'long-term criminal conduct.'" *Fleet Credit Corp. v. Sion,* 893 F.2d 441, 446–47 (1st Cir.1990) (holding that an allegation of 95 fraudulent mailings over a period of four and one-half years is sufficient, without more, to state a pattern of racketeering activity) (quoting *H.J., Inc.,* 492 U.S. at 239, 109 S.Ct. 2893).

■ Plaintiff has failed to plead open-ended continuity because the only scheme alleged in the complaint involves the one-time expropriation of her land. The complaint does not allege a threat of continued activity extending over a period of time yet to come, nor does it allege that the racketeering acts were a part of Defendants' "regular way of doing business." *Giuliano,* 399 F.3d at 391. To the contrary, the complaint acknowledges that once Defendants had succeeded in their purpose of obtaining control of Plaintiff's property, the scheme came to an end. The complaint furthermore does not suggest that Defendants would "seek to repeat their fraud in other ... similar business settings," or that they would employ their alleged racketeering activities indefinitely in their future operations and dealings. *Efron,* 223 F.3d at 19.

■ Similarly, Plaintiff has failed to plead closed-ended continuity because the racketeering activity alleged in the complaint consists of a single scheme with a single victim. *See Schultz v. Rhode Island Hosp. Trust Nat'l Bank, N.A.,* 94 F.3d 721, 731 (1st Cir.1996) (RICO liability rejected where "the alleged racketeering acts ..., 'taken together, ... comprise a single effort' to facilitate a single financial endeavor"); *see also Apparel Art Int'l, Inc. v. Jacobson,* 967 F.2d 720, 723 (1st Cir.1992) ("[A] single criminal episode, or event, is not a 'pattern' ... [because] its part, taken

together, do not 'amount to or pose a threat of continued criminal activity.' ") (quoting *H.J., Inc.,* 492 U.S. at 239, 109 S.Ct. 2893).

In focusing on the "pattern of racketeering" element of the RICO claim, the court does not mean to suggest that Plaintiff has adequately pled the remaining elements. For example, the RICO claim might also easily be dismissed for Plaintiff's failure to plead the predicate acts with any particularity. The simple fact is that the facts as pleaded offer no support for a claim under the RICO statute. Given that the only federal claim asserted by Plaintiff lacks any arguable support in the allegations of the complaint, Defendant's Motion to Dismiss the complaint in its current form for lack of jurisdiction must be allowed.

### B. Parallel State Action.

As Defendant points out, even if the allegations of the complaint as currently drafted supported this court's exercise of jurisdiction, the existence of a parallel, identical state court action, apparently still pending on appeal, would require dismissal of this federal lawsuit.

■ It is well established that under certain exceptional circumstances, a federal court may decline jurisdiction based on "considerations of '[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" *Moses H. Cone,* 460 U.S. at 15, 103 S.Ct. 927 (quoting *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 817, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976)) (quoting *Kerotest Mfg. Co. v. C–O–Two Fire Equip. Co.,* 342 U.S. 180, 183, 72 S.Ct. 219, 96 L.Ed. 200 (1952)).

■ The Court in *Colorado River* outlined four illustrative factors for determining whether "exceptional circumstances" exist: (1) whether either court has as-

sumed jurisdiction over a res; (2) the inconvenience of a federal forum; (3) the desirability of avoiding piecemeal litigation; and (4) the order in which the forums obtained jurisdiction. *See Elmendorf Grafica, Inc. v. D.S. America (East), Inc.*, 48 F.3d 46, 50 (1st Cir.1995). In *Moses H. Cone*, the Court added two additional factors: (5) whether state or federal law controls; and (6) the adequacy of the state forum to protect the parties' rights. 460 U.S. at 16, 103 S.Ct. 927. The weight a court should give any single factor may vary greatly depending on the case, and "[n]o one factor is necessarily determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counseling against that exercise is required." *Colorado River*, 424 U.S. at 818–19, 96 S.Ct. 1236.

 In this case, several of the factors counsel against retaining jurisdiction of the state claims. The parallel state proceedings have been, for the most part adjudicated, and are now before the Massachusetts Court of Appeals.[1] *See* Appeals Court Single Justice Case Docket, 2006–J–0382 (Vuono, J.). The allegations in Plaintiff's state court complaint mirror those in the complaint before this court, and piecemeal adjudication entails not only duplication but also the risk of conflicting results. The state claims involve matters of state law that are fully capable of adjudication by the state courts in which jurisdiction first attached. In short, "the parallel state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties." *Moses H. Cone*, 460 U.S. at 28, 103 S.Ct. 927.

In summary, then, both the failure of Plaintiff to identify any viable basis for federal jurisdiction in this case, and the existence of a parallel state proceeding predating this lawsuit and still *sub judice*, warrant allowance of Defendant's Motion to Dismiss.[2]

The question now remains whether Plaintiff should be given the opportunity to amend her complaint to offer an alternative cause of action, firmly anchored in the jurisdiction of this court, and never presented to the state court, that United Bank participated in a conspiracy to violate her civil rights.

**C. § 1983 Conspiracy.**

 While not specified in so many words, Plaintiff's complaint, if indulgently read, might be construed to contain a claim actionable under the Federal Civil Rights Act, 42 U.S.C. § 1983. This statute provides a remedy for deprivations of rights secured by the Constitution and laws of the United States when that "deprivation takes place 'under color of any statute, ordinance, regulation, custom or usage, of any State ....'" *Rockwell v. Cape Cod Hosp.*, 26 F.3d 254, 256 (1st Cir.1994) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982)). A successful claim under § 1983 requires a showing, first,

---

**1.** Defendant argues that claim preclusion applies to the state law issues raised in Plaintiff's complaint. Generally, a final judgment on the merits of an action precludes the parties from relitigating issues that were raised. *Puerto Rico Maritime Shipping Auth. v. FMC*, 75 F.3d 63, 66 (1st Cir.1996). In the Land Court action, issues remain open and are awaiting adjudication. The court need not rely on the principle of claim preclusion as the *Colorado River* doctrine dictates abstention with regard to the state law claims in any event.

**2.** Because the two bases for dismissal discussed are perfectly solid, no need exists to address Defendant's third and fourth arguments.

that Defendant's conduct worked a denial of a right secured by the Constitution or laws of the United States, and, second, that Defendant acted under color of law. *Chongris v. Bd. of Appeals,* 811 F.2d 36, 40 (1st Cir.1987).

 In this case the allegations of the complaint, generously construed, appear to support a claim for violation of substantive due process—that is, an "abuse of power that shocks the conscience, or action that is legally irrational." *Baker v. Coxe,* 230 F.3d 470, 474 (1st Cir.2000) (citation omitted). In certain narrow circumstances, the constitutional prohibition against violations of substantive due process prevents abuses of government power that "shock the conscience," or " 'action that is legally irrational in that it is not sufficiently keyed to any legitimate state interests.' " *PFZ Properties, Inc. v. Rodriguez,* 928 F.2d 28, 31–32 (1st Cir.1991) (citing *Committee of U.S. Citizens in Nicaragua v. Reagan,* 859 F.2d 929, 943 (D.C.Cir.1988)).

 Admittedly, Plaintiff must overcome a high threshold to succeed on this sort of claim. As the First Circuit has noted, while the courts have "left the door slightly ajar for federal relief in truly horrendous situations, .... the threshold for establishing the requisite 'abuse of government power' is a high one indeed." *SFW Arecibo, Ltd. v. Rodriguez,* 415 F.3d 135, 141 (1st Cir.2005) (citing *Nestor Colon Medina & Sucesores, Inc. v. Custodio,* 964 F.2d 32, 45 (1st Cir.1992)). If Plaintiff chooses to proceed on this theory she assumes the risk that, after discovery, a motion for summary judgment by Defendant under Fed. R. Civ. R. 56 may well be granted.

At this stage, however, the supplemental allegations provided in Plaintiff's memorandum appear to be sufficient to support a civil rights claim. (Dkt. No. 31, at (unnumbered) 1–3.) Town officials, who desired to obtain Plaintiff's property because of its location on the border of the Town's Municipal Golf Course, conspired with United Bank to force Plaintiff into a default on her mortgage so that the Town could acquire the property. (*Id.* at 1–2.) To accomplish that goal, Plaintiff alleges that Town officials deliberately inflated the assessment value of her property, driving up the real estate tax that Plaintiff was required to escrow with the Bank to the point that she could no longer make her monthly mortgage payments. (*Id.* at 2.)

While these allegations may seem farfetched, Plaintiff may be entitled to take discovery to attempt to prove them. If a jury ultimately finds that Defendants deliberately conspired to abuse the taxing power to deprive Plaintiff of her property for purely selfish ends, then these "utterly unjustified, malignant, and extreme actions" might well satisfy the first element of a claim for a violation of substantive due process. *Baker,* 230 F.3d at 474.

 Proof of the second element, conduct under "color of state law," ordinarily requires that a defendant be acting in his or her role as a local official. Defendant United Bank, of course, occupies no such position. Despite this more common configuration of § 1983 cases, a purely private party may be liable when "the private entity acted in concert with the state actor to commit an unconstitutional act." *Spear v. Town of West Hartford,* 954 F.2d 63, 68 (2d Cir.1992). *See also Ciambriello v. County of Nassau,* 292 F.3d 307, 324 (2d Cir.2002) (same). The Supreme Court has recognized that a viable federal civil rights action does not "require that the defendant be an officer of the State. It is enough that he is a willful participant in joint action with the State or its agents." *Dennis v. Sparks,* 449 U.S. 24, 27, 101 S.Ct. 183, 66 L.Ed.2d 185 (1980). *See Berger v.*

*Hanlon,* 129 F.3d 505, 511–512 (9th Cir. 1997) (commercial entertainment company contracted with the government to film the execution of a search warrant). *Cf. Alexis v. McDonald's Restaurants of Massachusetts, Inc.,* 67 F.3d 341, 351 (1st Cir.1995) ("Where a private individual is a defendant in a section 1983 action, there must be a showing that the private party and the state actor jointly deprived Plaintiff of her civil rights.").

 Given this authority, it would appear possible that the allegations of the complaint, even as currently drafted, and construed in light of Plaintiff's *pro se* status, might be sufficient to satisfy both elements of a claim pursuant to 42 U.S.C. § 1983 against Defendant bank. Before Plaintiff suffers final dismissal of any claim against Defendant, the court will give Plaintiff the opportunity to re-draft her complaint to include such a cause of action.

## V. *CONCLUSION*

Based on the foregoing, Defendant's Motion to Dismiss (Dkt. No. 15) is hereby ALLOWED, but without prejudice to Plaintiff's filing a motion to amend her complaint, along with a proposed amended complaint offering a viable claim pursuant to 42 U.S.C. § 1983, on or before August 27, 2007. In considering whether to file this motion, Plaintiff should bear in mind that no guarantee exists that the complaint will survive a motion for summary judgment at the conclusion of discovery. It may well be for the best to decline this opportunity and let the matter rest. This, however, is for Plaintiff to decide.[3]

Assuming a proper motion and amended complaint are filed by the deadline, the court will refer all parties to Chief Magis-

trate Judge Kenneth P. Neiman for a pre-trial scheduling conference pursuant to Fed R. Civ. P. 16. If Plaintiff does not file the motion by the stated date, the ruling allowing the Motion to Dismiss will stand, United Bank will be out of this case, and the other parties will be directed to Judge Neiman for the Rule 16 conference.

It is So Ordered.

---

3. If Plaintiff decides to proceed, she would be well advised to consult and, if possible, retain counsel.