# United States Court of Appeals
## For the First Circuit

No. 11-1347

DAVID EFRON, as personal representative of the
Estate of José Efron,

Plaintiff, Appellant,

v.

MORA DEVELOPMENT CORP., et al.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Salvador E. Casellas,  U.S. District Judge]

Before

Torruella, Circuit Judge,
Souter, Associate Justice,[*]
and Boudin, Circuit Judge.

Etienne Totti del Valle, with whom Totti & Rodríguez Díaz, was
on brief, for appellant.
Luis Sanchez Betances, with whom Sánchez Betances, Sifre, &
Muñoz Noya, P.S.C., was on brief, for appellee.

March 26, 2012

---

[*]     The Hon. David H. Souter, Associate Justice (Ret.) of the
Supreme Court of the United States, sitting by designation.

**SOUTER, Associate Justice**. As a fiduciary, appellant David Efron owned a parcel of land in Carolina, Puerto Rico, near two lots intended for construction by the appellee Mora Development Company. In 2002, the defendant Puerto Rico Highway and Transportation Authority ("PRHTA") notified Efron of its plan to acquire the greater part of his land by condemnation, in aid of Mora's project.

In November 2004, PRHTA filed a petition to condemn Efron's property in the Court of First Instance of the Commonwealth of Puerto Rico, along with a deposit of proposed compensation. Efron's motion to dismiss the condemnation proceeding was itself dismissed by the Commonwealth court, which ordered the transfer of ownership and possession to PRHTA.

Efron then filed suit under 42 U.S.C. § 1983 against Mora, its president Cleofe Rubi, PRHTA, and PRHTA employees Jack Allison and Paquito Rivera, alleging that the defendants had conspired to deprive him of his property without just compensation or due process of law. He also invoked the district court's supplemental jurisdiction to hear a tort claim under Commonwealth law for unlawful deprivation of the use and quiet enjoyment of property.

Mora and the other defendants moved for summary judgment for Efron's failure to seek just compensation in the courts of Puerto Rico before raising his federal takings claim. The district

court granted the motion in accordance with the rule of SFW Arecibo Ltd. v. Rodríguez, 415 F.3d 135, 139 (1st Cir. 2005), that a plaintiff has no federal Fifth Amendment claim for a taking under Puerto Rico law without first availing himself of the Commonwealth's process for seeking just compensation. See Deniz v. Municipality of Guaynabo, 285 F.3d 142, 150 (1st Cir. 2002) ("The plaintiff's failure to seek recompense through Puerto Rico's inverse condemnation remedy renders both [a plaintiff's] takings and substantive due process claims unripe for federal adjudication."); see also Williamson Cnty. Reg'l Planning Comm'n v. Hamilton Bank of Johnson City, 473 U.S. 172, 195 (1985) ("[I]f a State provides an adequate procedure for seeking just compensation, the property owner cannot claim a violation of the Just Compensation Clause until it has used the procedure and been denied just compensation."). The supplemental claim was dismissed without prejudice, and Efron refiled it in a court of Puerto Rico.

After obtaining judgment, Mora filed a Bill of Costs under Fed. R. Civ. P. 54(d)(1) and a Motion for Attorneys' Fees under 42 U.S.C. § 1988, and it is from an award of $92,149 in fees for work on discovery, pleadings, and motions that Efron appeals here. We review it for abuse of discretion, which includes the issue of the correct legal standard. Wennik v. Polygram Grp. Distrib., Inc., 304 F.3d 123, 134 (1st Cir. 2002); see Fox v. Vice, 131 S.Ct. 2205, 2216 (2011).

Section 1988 authorizes an order for "a reasonable attorney's fee" to "the prevailing party" in suits brought to enforce any of several civil rights statutes, including § 1983, see 42 U.S.C. § 1988(b), though the eligibility of a successful defendant requires "a finding that the plaintiff's action was frivolous, unreasonable, or without foundation." Christianburg Garment Co. v. EEOC, 434 U.S. 412, 421 (1978). If some, but not all, of a plaintiff's claims are frivolous, only the fees for defending against the worthless ones are recoverable. Fox, 131 S.Ct. at 2214.

In this case, the district court adopted the magistrate judge's finding that Efron's federal claim was indeed frivolous, unreasonable, and unfounded, although it drew no such conclusion about the supplemental tort claim dismissed without prejudice, which is consequently to be treated as non-frivolous. See id. at 2211, 2217. Given the mixture, the § 1988 fee award must be restricted to work attributable to dismissal of the frivolous federal claim, the analytical basis for apportionment being governed by equitable considerations under Ward v. Hickey, 996 F.2d 448, 455-56 (1st Cir. 1993) at the time of trial, but now ultimately, by Fox v. Vice, 131 S. Ct. at 2215, decided during the appeal period. Fox allows an award only of fees the prevailing defendant would not have paid but for the frivolous claim. Id. And while there will still be difficult issues of separability

-4-

after Fox, id. at 2214, this case does not appear to present one, given the discrete legal basis of the dismissal.

The district court, to be sure, did not take a microscopic approach, as is apparent in its discussion of the allocation issue for work done on discovery:

> Discovery work is a different story. There is no dispute that the facts and law upon which Efron predicated his federal and state law claims were inextricably interrelated. Defendants' argument is therefore correct: "the facts being the same, the potential witnesses and damages evidence would have also been the same. The trial work would be one and the same . . . . Consequently, the discovery process was also inseparable and the work done cannot be allocated by claim." Docket No. 154, p. 8. It necessarily follows then that all discovery work Defendants performed in this case was required to defend against Efron's frivolous federal claims. Moreover, the fees Efron challenges in connection with discovery work arose from depositions Defendants conducted. The dynamics involved in this type of work generally require the deponent to cover a wide range of subjects to develop the facts relevant to any given claim. This, in turn, renders the task of allocating deposition work between claims virtually impossible.

Efron v. P.R. Highway & Transp. Auth., 763 F. Supp. 2d 283, 288 (D.P.R. 2011). Even setting Fox aside, this approach is unconvincing when one recalls the reason for dismissing the frivolous action. Puerto Rican law provides process to get compensation for property takings by the government. Efron did not take advantage of that process. These are the only facts that needed to be shown for the dismissal Mora obtained. Suffice it to

say that there is no basis in the record brought to our attention that suggests that these facts are inextricably associated with the tortious conduct alleged in the supplementary action, or that any effort was required to unearth the elementary basis for dismissing the Fifth Amendment claim. The Commonwealth officials must have known of Efron's failure to resort to local process, and Mora's principal could presumably have found this out with nothing more than a phone call. A few pages of pleadings and affidavits would have sufficed to place the law and facts before the court. Perhaps there is a more supportive basis for the amount of the fee order than meets the appellate eye, but on the record as cited for our consideration, the need for over $90,000 in fees for discovery and summary judgment in Mora's favor on the SFW Arecibo issue is inexplicable.

Accordingly, the award is vacated and the case remanded for reconsideration of the portion of the fee order from which this appeal was taken. The standard, of course, will be Fox's holding that fees are recoverable only for work that would have been unnecessary but for the frivolous constitutional takings claim. Whatever the amount of any subsequent order, its basis must be explained in sufficient detail "to withstand appellate review." Wennik, 304 F.3d at 134 (quoting Grendel's Den, Inc. v. Larkin, 749 F.2d 945, 950 (1st Cir. 1984)) (internal quotation marks omitted).

**Vacated and remanded.** Costs are awarded to the appellant.