# United States Court of Appeals
## For the First Circuit

No. 19-2099

DAVID EFRON,

Plaintiff, Appellant,

v.

MORA DEVELOPMENT CORPORATION ET AL.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Jay A. García-Gregory, U.S. District Judge]

Before

Barron, Chief Judge,
Selya and Thompson, Circuit Judges.

Etienne Totti del Toro and Law Offices of David Efron, P.C.
on brief for appellant.
Luis Sánchez Betances, Jorge L. Flores de Jesús, and Sánchez-
Betances, Sifre & Muñoz-Noya LLC on brief for appellees.

August 11, 2022

**SELYA**, **Circuit Judge**.  To use a by-now-familiar phrase, this appeal — which involves an award of attorneys' fees under 42 U.S.C. § 1988 — is "déjà vu all over again."[1]  The underlying case centers on a parcel of real property in Carolina, Puerto Rico, formerly owned by plaintiff-appellant David Efron.  The defendants include the Puerto Rico Highway and Transportation Authority (PRHTA), a governmental entity, and Mora Development Corporation (Mora), a private firm.  We last visited this matter in 2012, see Efron v. Mora Dev. Corp. (Efron I), 675 F.3d 45 (1st Cir. 2012), and we borrow liberally from our opinion there in order to set the stage for the present appeal.

> In November 2004, PRHTA filed a petition to condemn Efron's property in the Court of First Instance of the Commonwealth of Puerto Rico, along with a deposit of proposed compensation.  Efron's motion to dismiss the condemnation proceeding was itself dismissed by the Commonwealth court, which ordered the transfer of ownership and possession to PRHTA.
>
> Efron then filed suit under 42 U.S.C. § 1983 against Mora, its president Cleofe Rubi, PRHTA, and PRHTA employees Jack Allison and Paquito Rivera, alleging that the defendants had conspired to deprive him of his property without just compensation or due process of law.  He also invoked the district court's supplemental jurisdiction to hear a

---

[1] This epigram is often attributed to Lawrence P. (Yogi) Berra.  Berra coined many aphorisms — but not this one.  See Ralph Keyes, "Nice Guys Finish Seventh": False Phrases, Spurious Sayings, and Familiar Misquotations 152 (1992) (noting that "although this is commonly cited as a 'Berra-ism,' Yogi Berra denies ever saying it").  The phrase's origin is unknown.

tort claim under Commonwealth law for unlawful deprivation of the use and quiet enjoyment of property.

Mora and the other defendants moved for summary judgment for Efron's failure to seek just compensation in the courts of Puerto Rico before raising his federal takings claim. The district court granted the motion in accordance with the rule of SFW Arecibo Ltd. v. Rodríguez, 415 F.3d 135, 139 (1st Cir. 2005), that a plaintiff has no federal Fifth Amendment claim for a taking under Puerto Rico law without first availing himself of the Commonwealth's process for seeking just compensation. See Deniz v. Municipality of Guaynabo, 285 F.3d 142, 150 (1st Cir. 2002) ("The plaintiff's failure to seek recompense through Puerto Rico's inverse condemnation remedy renders both [a plaintiff's] takings and substantive due process claims unripe for federal adjudication."); see also Williamson Cnty. Reg'l Planning Comm'n v. Hamilton Bank of Johnson City, 473 U.S. 172, 195 (1985) ("[I]f a State provides an adequate procedure for seeking just compensation, the property owner cannot claim a violation of the Just Compensation Clause until it has used the procedure and been denied just compensation."). The supplemental claim was dismissed without prejudice, and Efron refiled it in a court of Puerto Rico.

After obtaining judgment, Mora filed a Bill of Costs under Fed. R. Civ. P. 54(d)(1) and a Motion for Attorneys' Fees under 42 U.S.C. § 1988, and it is from an award of $92,149 in fees for work on discovery, pleadings, and motions that Efron appeals . . . .

. . . .

In this case, the district court adopted the magistrate judge's finding that Efron's federal claim was indeed frivolous, unreasonable, and unfounded, although it drew no such conclusion about the supplemental tort claim dismissed without prejudice, which is consequently to be treated as non-frivolous. See [Fox v. Vice, 563 U.S. 826, 829, 839-40 (2011)]. Given the mixture, the § 1988 fee award must be restricted to work attributable to dismissal of the frivolous federal claim, the analytical basis for apportionment being governed by equitable considerations under . . . Fox v. Vice, id. at [836], [which] allows an award only of fees the prevailing defendant would not have paid but for the frivolous claim. Id. And while there will still be difficult issues of separability after Fox, id. at [834-35], this case does not appear to present one, given the discrete legal basis of the dismissal.

Efron I, 675 F.3d at 45-47 (first and second alterations in original). In line with this reasoning, we vacated the district court's judgment and remanded for reconsideration of the fee award. See id. at 47.

On remand, the district court ordered the parties to brief what fees were appropriate for work performed to dismiss the federal claim. After reviewing the parties' submissions, the court rejected in toto the request for attorneys' fees related to discovery. The court concluded that "[h]ad Defendants filed a motion to dismiss early in the litigation, the case would have been dismissed prior to the commencement of discovery and the Parties would not have incurred in the expenses associated with

- 4 -

the discovery process."  This ruling has not been challenged on appeal.

The district court then deemed "the sum of the number of hours spent on drafting the answer and the summary judgment briefing as a proxy for the hours that would have been expended in the drafting of a motion to dismiss."  From that sum, the court "discount[ed] the time spent on statements of uncontested facts or responses thereto . . . as well as any duplicative or excessive hours."

After "reviewing each entry in the time sheet submitted, the [c]ourt" determined that 128.2 hours were reasonably spent in defending against the frivolous federal claim.  Applying a series of hourly rates that it had previously found to be reasonable, the court ordered the payment of fees in the amount of $20,243.25.  This award was composed of 97.2 hours at $185 per hour, 5.5 hours at $140 per hour, 5.5 hours at $65 per hour, 6.75 hours at $60 per hour, and 13.25 hours at $55 per hour.  Efron's timely appeal followed.

"We review a challenge to an award of attorneys' fees for abuse of discretion."  Pérez-Sosa v. Garland, 22 F.4th 312, 320 (1st Cir. 2022); see Gay Officers Action League v. Puerto Rico (GOAL), 247 F.3d 288, 292 (1st Cir. 2001).  "[A] material error of law is perforce an abuse of discretion."  Pérez-Sosa, 22 F.4th at 320.  Absent such an error, "we will set aside a fee award only if

it clearly appears that the trial court ignored a factor deserving significant weight, relied upon an improper factor, or evaluated all the proper factors (and no improper ones), but made a serious mistake in weighing them." GOAL, 247 F.3d at 292-93.

Efron advances a general challenge to the fee award. "A common way of determining a reasonable fee is through the lodestar method." Pérez-Sosa, 22 F.4th at 321; see Perdue v. Kenny A. ex rel. Winn, 559 U.S. 542, 551 (2010). "The lodestar amount equals 'the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'" Pérez-Sosa, 22 F.4th at 321 (quoting Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)). In this instance, Efron has not challenged — either in the district court or in this court — the rates approved by the district court. We therefore treat those rates as reasonable and focus the lens of our inquiry on the time expended by defense counsel.

Efron mounts three specific challenges, all of which implicate the time expended. He first argues that the district court abused its discretion by failing to explain in sufficient detail its fee award. The premise on which this argument rests is unimpugnable: "[t]o allow for 'meaningful appellate review,' the district court must provide a 'clear explanation of its reasons for the fee award.'" Wennik v. Polygram Grp. Distrib., 304 F.3d 123, 134 (1st Cir. 2002) (quoting Grendel's Den, Inc. v. Larkin, 749 F.2d 945, 950 (1st Cir. 1984)). "Conclusory statements

concerning reasonableness are insufficient to withstand appellate review." Grendel's Den, 749 F.2d at 950.

Withal, the conclusion that Efron draws from this premise is unfounded. In its decision, the district court stated that it was going to "determine the reasonable amount of attorney's fees attributable to the dismissal of the federal claim." (emphasis in original). Because the court agreed with the defendants that "[t]he federal complaint was absolutely hopeless from the outset," the court opted to employ a proxy for determining the fees that the defendants would have incurred had they filed a motion to dismiss before discovery. The court clearly identified its proxy and provided a table laying out the hourly rates that it deemed reasonable and the number of hours awarded at each rate. The totality of the district court's explanation is easily understood and sufficient to allow for meaningful appellate review. No more is exigible. See Bogan v. City of Boston, 489 F.3d 417, 430 (1st Cir. 2007); Wennik, 304 F.3d at 134.

Efron's next argument is easily dispatched. He suggests that the amount awarded was unreasonable because the district court should have limited the fees "to the discre[te] facts and legal basis that resulted in dismissal." In other words, the defendants should only have been awarded attorneys' fees for work performed on the precise ground (non-exhaustion) that resulted in dismissal.

This suggestion is simply incorrect. Fox is pellucid that a prevailing defendant may be awarded attorneys' fees for work performed on the frivolous claim. See 563 U.S. at 837-38. The Court made no distinctions based on the particular ground that led to the dismissal of the frivolous claim.

Efron further argues that the district court abused its discretion by awarding attorneys' fees for 128.2 hours. The number of hours awarded, he says, is excessive. The background principle is that section 1988 authorizes a district court to award reasonable attorneys' fees to the prevailing party in suits brought under section 1983. See 42 U.S.C. § 1988(b); see also Fox, 563 U.S. at 832-33; Efron I, 675 F.3d at 46. For a prevailing defendant to obtain attorneys' fees under section 1988, though, the defendant must persuade the district court "that the plaintiff's action was frivolous, unreasonable, or without foundation." Efron I, 675 F.3d at 46 (quoting Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421 (1978)). The district court determined that Efron's federal claim was frivolous, and Efron does not challenge that determination.

But even when a claim is frivolous, a prevailing defendant is not necessarily entitled to recover all fees and expenses associated with its defense. See Fox, 563 U.S. at 834-35. As the Supreme Court has stated, "litigation is [] complex, involving multiple claims for relief that implicate a mix of legal

- 8 -

theories and have different merits.  Some claims succeed; others fail.  Some charges are frivolous; others (even if not ultimately successful) have a reasonable basis."  Id. at 833-34.  Recognizing this reality, "[s]ection 1988 permits the [prevailing] defendant to receive only the portion of his fees that he would not have paid but for the frivolous claim."  Id. at 836.  Put another way, "if the [prevailing] defendant would have incurred those fees anyway, to defend against non-frivolous claims, then a court has no basis for transferring the expense to the plaintiff."  Id. (emphasis in original).

In Efron I, we applied these tenets.  We held "that fees are recoverable only for work that would have been unnecessary but for the frivolous constitutional takings claim."  675 F.3d at 47. Relatedly, we decreed that the supplemental Puerto Rico tort claim, which was dismissed without prejudice, was "to be treated as non-frivolous."  Id. at 46.  Our remand instructed the district court to perform the necessary triage.  See id. at 47.

Where, as here, counsel presents sufficiently detailed time sheets for the district court's review, the court has wide discretion in determining the number of hours reasonably expended. See Pérez-Sosa, 22 F.4th at 330 (noting "district court's [broad] discretion in separating wheat from chaff" (quoting Torres-Rivera v. O'Neill-Cancel, 524 F.3d 331, 340 (1st Cir. 2008))).  The court below did not accept the defendant's proffer at face value but,

rather, screened out time that it deemed to be "excessive" or "duplicative." It then found the remaining time expended to be reasonable. Efron has not specifically identified hours that he claims should have been dropped.

Nor was the use of a proxy outside the margins of the court's discretion. District courts are permitted to "use estimates in calculating and allocating an attorney's time." Fox, 563 U.S. at 838; see id. (explaining that "trial courts need not, and indeed should not, become green-eyeshade accountants"). "The essential goal in shifting fees . . . is to do rough justice, not to achieve auditing perfection." Id. The concept of using the number of hours expended on an answer and motion for summary judgment as a proxy for the number of hours that would have been expended in connection with a motion to dismiss may — in appropriate circumstances — be a useful tool within the district court's toolbox when determining reasonable attorneys' fees.

Of course, the fact that the use of a proxy may be conceptually appropriate does not mean that the use of a proxy was appropriate in the circumstances at hand. Here, the matter is complicated because only one of Efron's claims was frivolous; the other was not. And it is readily apparent from a review of the papers that a portion of the motion for summary judgment and the memorandum of law in support of that motion dealt with matters that were not directly related to the frivolous claim.

It was inappropriate — and contrary to the explicit instructions limned in Efron I, 675 F.3d at 47 — to include those hours in the fee award without any explanation of why they satisfied the Fox criteria. Yet, the district court — so far as we can tell — made no adjustment to take account of this important fact. Nor did the court make any findings sufficient to bring those hours within the orbit of the frivolous federal claim. The primary problem is that the district court failed to "ask[] and answer[]" the right question. Fox, 563 U.S. at 839. The court — in its own words — set out to "determine the reasonable amount of attorney's fees attributable to the dismissal of the federal claim." (emphasis in original). The question, though, was what fees were reasonable "for work that would have been unnecessary but for the frivolous . . . claim." Efron I, 675 F.3d at 47. The court, therefore, abused its discretion when it included in its decisional calculus an improper factor: hours for work performed on a non-frivolous claim without any explanation of why those hours could nonetheless be included in the fee award. Cf. GOAL, 247 F.3d at 292-93 (explaining that district court abuses its discretion by including improper factor in decisional calculus).

At this juncture, we ordinarily would vacate the fee award and remand to the district court for further proceedings. See In re Thirteen Appeals Arising Out of San Juan Dupont Plaza Hotel Fire Litig., 56 F.3d 295, 312 (1st Cir. 1995) (explaining

that "[o]rdinarily, 'an improper calculation of attorneys' fees necessitates remand for reconfiguration of the award'" (quoting Lipsett v. Blanco, 975 F.2d 934, 943 (1st Cir. 1992))). Even so, the tail should not be permitted to wag the dog. The portion of the summary judgment motion and accompanying memorandum that dealt with the non-frivolous claim is not much: five pages out of forty. Nor are the circumstances of this case ordinary: the event that gave rise to this litigation (the alleged taking) occurred in 2004; summary judgment entered in 2008; the motion for fees followed; the district court handed down a fee award in 2011; and this court vacated the fee award and remanded for the recalculation of fees a decade ago. Given the passage of so much time and the relatively modest amount of fees at issue, "[t]his litigation has passed the point of diminishing returns." Id.

In such straitened circumstances, we have sometimes "grasped the bull by the horns and fixed the fees ourselves." Id.; accord Brewster v. Dukakis, 3 F.3d 488, 493 (1st Cir. 1993); Jacobs v. Mancuso, 825 F.2d 559, 562 (1st Cir. 1987); Grendel's Den, 749 F.2d at 951. This is an appropriate case for such a course of action: as the Court has admonished, "[a] request for attorney's fees should not result in a second major litigation." Hensley, 461 U.S. at 437.

The only defect that we have identified in the district court's fee award — given that Efron has failed to challenge any

- 12 -

other specific hours that he claims were erroneously included in the award calculation — relates to the relatively modest amount of time expended in connection with the non-frivolous supplemental claim.  We assume, for simplicity's sake, that those hours should have been deducted from the fee award.[2]  We estimate — with some generosity toward Efron — that those hours accounted for ten percent of the total fee award.  To effect that deduction, we vacate the existing fee award and remand to the district court with instructions to enter a modified fee award in the amount of $18,218.93.  Two-thirds costs shall be taxed in favor of the appellees.

**So Ordered**.

---

[2] We neither hold nor suggest that the time attributable to a non-frivolous claim should always be excluded from a fee award. Fox permits awarding fees for work performed on a non-frivolous claim when the non-frivolous claim is in federal court only because of the frivolous federal claim.  563 U.S. at 837.  In such circumstances — and given an adequate explanation — the Court's but-for test "would permit awarding fees for work relevant to both claims in order to reflect the increased costs (if any) of the federal forum."  Id. at 837-38.